RAILWAY COMPANY v. MANCHESTER MILLS.

(*Jackson.*   April 24, 1890.)

1. COMMON CARRIER.   *Contract exempting from liability for loss by fire.*
   *Validity of.*

   Contract exempting common carrier from liability for loss by fire not
   due to his negligence is valid, when, being free from other ex-
   ception, it is supported by a sufficient consideration, and the shipper
   is afforded an opportunity to choose between this limited liability
   and the common law responsibility of the carrier.

   Cases cited and approved: Dillard v. Railroad, 2 Lea, 288; Railroad
   v. Gilbert, Parkes & Co., *ante*, p. 430.

2. SAME.   *Same.   What consideration is sufficient.*

   Reduction in freight charges is a sufficient consideration to support
   such contract.   So likewise is the increased responsibility assumed
   by the carrier in giving through bill of lading for shipment of goods
   over other lines beyond its own terminus.

   Case cited and approved: Dillard v. Railroad, 2 Lea, 288.

3. SAME.   *Same.   Burden of proof.*

   In suit against common carrier for loss of goods shipped under a valid
   contract exempting him from liability for loss by fire not due to his
   own negligence, proof of the mere fact of the loss of the goods by
   fire, without more, raises no presumption of negligence against the
   carrier.   The plaintiff must, in such case, aver, and the burden rests
   upon him to prove affirmatively that the loss by fire resulted from the
   carrier's negligence.

   Cases cited and approved: Railroad v. Mitchell, 11 Heis., 404; Som-
   mers v. Railroad, 7 Lea, 201; Transportation Company v. Bloch
   Bros., 86 Tenn., 393; Burke v. Railroad, 7 Heis., 462; Railway Co.
   v. Wynn, *ante*, p. 331; Runyan v. Caldwell, 7 Hum., 134; 10 Wall.,
   176; 11 Wall., 129; 12 How., 130.

   Cited and distinguished: Turney v. Wilson, 7 Yer., 340; 129 U. S., 128.

4. SAME.    *Evidence of usage admissible on question of due care, when.*

Baled cotton was shipped on open cars, and destroyed by fire that originated in an adjoining car of same train.   The mode of shipment was relied upon, in suit against carrier, to show negligence.   The bill of lading provided that carrier should not be liable for injury to goods "whose bulk is such as requires them to be carried upon open cars, or which are usually carried on open cars."   The carrier offered to prove the custom and usage of well-appointed and managed railway companies as to the mode of shipment of baled cotton.   This evidence was rejected.

*Held:* Reversible error.   Evidence admissible upon question of due care and diligence.

Cases cited and approved: Kelton *v.* Taylor, I,1 Lea, 264; 12 How., 279, 352.

5. SUBROGATION.    *Of insurer to owner's rights against carrier.*

An insurer who pays a loss caused by a carrier's negligence is subrogated to the assured's rights against such carrier.   The carrier's liability, in such case, is primary—that of the insurer secondary.

6. SAME.    *Same.    Suit in name of assured for use of insurer.*

Suit can be maintained in the name of the assured for the use of the insurer to recover of the carrier the amount paid upon such loss.

FROM SHELBY.

Appeal in error from Circuit Court of Shelby County.   L. H. ESTES, J.

J. P. HOUSTON and McCORRY & BOND for Railway Company.

TAYLOR & CARROLL for Manchester Mills.

LURTON, J.    The defendants in error shipped from Memphis, Tenn., to Manchester, N. H., two hundred bales of cotton, upon a through bill of lading issued by the Louisville and Nashville Railroad Company, containing usual clause exempting the carrier from liability for loss by fire.

By an amended declaration the Manchester Mills alleged that a part of this cotton had been lost after delivery to the carrier, through fire originating in the fault and negligence of the plaintiff in error, and that on account of this loss it had received $625.28 from the Insurance Company of North America, of Philadelphia, which had a policy on said cotton, " wherefore they sue for the use of the insurance company."

There was a verdict and judgment against the railway company.

A contract exempting the carrier from liability for a loss by fire not due to negligence, and based upon a sufficient consideration, the shipper having the right to elect between a liability with or without the fire clause, is valid.    *Dillard Bros.* v. *Railroad*, 2 Lea, 288; *Louisville and Nashville Railroad* v. *Gilbert, Parkes & Co.*, ante, 430.

A through bill of lading, where the shipment is over more than one line, or upon reduced rates, is a sufficient consideration.    *Dillard Bros.* v. *Railroad*, 2 Lea, 288.

Both these considerations exist in this case, and there is proof that the shipper could have shipped upon common law bill of lading if he had so

desired. The agreement was therefore valid. The charge assumes the validity of this fire clause in so far as to exempt the carrier from a loss by fire not resulting from its own negligence. The error complained of is that the Judge very distinctly told the jury that the burden of proof was upon the defendant to show that the fire was not the consequence of its own negligence. The precise question presented by this charge has not been settled in this State. At the common law the carrier of goods is an insurer against all losses, save those resulting from the act of God or the public enemy. It was of this common law responsibility that Judge Caldwell was speaking when, in the case of the *Transportation Company* v. *Bloch Bros.*, he said, concerning the burden of proof, that "where goods in the custody of a carrier are lost or damaged, the presumption of law is that it was occasioned by his fault, and the burden is upon him to prove that it arose from causes for which he is not responsible." 86 Tenn., 393.

But when the plaintiff has declared upon a special contract excusing the carrier from loss by fire, and has alleged a loss by fire due to negligence of the carrier, must the plaintiff make out what he alleges, or may he still rely upon the presumption of negligence which originally attached to the carrier by reason of his common law liability as an insurer?

Or if it be a case where a loss by fire is not

charged in the declaration, and the plaintiff has made out a *prima facie* case by proof of failure to deliver to the consignee, and the defendant has then shown a loss by fire by evidence not imputing negligence, is the *prima facie* case of the plaintiff thereby overthrown so as to require him to establish negligence by other proof, or must the carrier still rest under a presumption of negligence until he has affirmatively shown a loss by inevitable accident?

The rigor of the rule which made the carrier of goods an insurer has, under changed conditions of business, been so relaxed as to permit him to contract against losses resulting from fire. But to secure fidelity and diligence, this relaxation will not extend so far as to excuse him for a loss by fire which was the consequence of his own want of care. Notwithstanding his contract, he continues liable for his own negligence. The gravamen of the action against him, when there is such a special contract and a loss by fire, is his negligence. This the learned counsel for defendant in error seems to have clearly apprehended, inasmuch as the declaration charges a loss by fire through negligence.

When negligence is presumed, it is because certain proven facts naturally and logically impute the absence of that degree of care required by law. This is very clearly shown in the very able opinion of Chief Justice Nicholson in *Railroad* v. *Mitchell,* 11 Heis., 404.

42—4 P

In commenting upon the leading case upon the subject of presumed negligence, of *Stokes* v. *Saltonstall*, 13 Peters, 190, where it was held that proof that a stage was upset and the plaintiff's wife injured constituted *prima facie* evidence that there was carelessness or want of skill in the driver, the Chief Justice said that "these facts did furnish a *prima facie* case of the want of skill which the carrier was bound to supply, and that this want of skill was the proximate cause of the injury."

Upon a review of all the authorities, the learned Chief Justice for this Court laid down the limitations within which negligence might, as matter of law, be imputed, saying "that the law, therefore, requires in an action against a carrier for injuries suffered by a passenger, *prima facie* proof that the proximate cause of such injuries was the want of something which, as a general rule, the carrier was bound to supply, or the presence of something which, as a general rule, the carrier was bound to keep out of the way."

"It follows, therefore," said he, "that when the proof that shows the injury fails to show the want of something which the carrier was bound to supply, or the presence of something which he was bound to keep out of the way, no presumption of negligence arises. In such case the plaintiff must go further, and make out his case by evidence which fixes negligence on the carrier." 11 Heis., 404.

Railway Company *v.* Manchester Mills.

The doctrine may be safely laid down as established that no presumption of negligence arises from the mere proof of injury to passenger. *Sommers* v. *Railroad*, 7 Lea, 201; Hutchison on Carriers, Sec. 799.

It is true that a difference exists between the liability which attaches to a common carrier of goods and that of a common carrier of passengers. In the one case there is the liability of insurers, and in the other no liability without negligence. But by special contract the carrier of goods, with respect to his liability for a loss by fire, has been put upon the same plane of responsibility as the carrier of passengers, and there is no responsibility without negligence. The rule, then, applicable to a mere proof of injury, that such proof does not presume negligence, is equally applicable in case of proof of loss by fire without circumstances imputing negligence. There is no natural presumption that a fire, the origin of which is unknown, was the result of the want of care of the owner or occupant of the premises of its origin. The ancient rule of the common law, which presumed negligence in such cases, was pronounced in the reported cases to be harsh and unreasonable, and was by the statute of 6 Anne, Ch. 31, abrogated. The Courts of this country, whether regarding the statute of Anne as in force or not, have unanimously held that negligence or misconduct was the gist of the action against one upon whose premises a fire had originated, and that such neg-

ligence would not be presumed from mere proof of the loss by fire communicated from the premises of another. 1 Thompson on Negligence, and cases cited.

An exception to the general rule requiring proof of negligence is supposed to exist in the case of fire communicated by sparks emitted from locomotives. This exception rests upon the assumption that by due diligence in the use of the most improved machinery for the consumption of sparks, they need not be emitted, and that the emission of sparks therefore presumes negligence in the failure to provide proper spark arresters, and thus cast upon the defendant the burden of proving that its appliances are of the most approved kind. *Burke* v. *L. & N. R. R.*, 7 Heis., 462. This exception, while well established in this State and in a few others, has not met with the approval of the majority of the Courts of America. It rests upon its own peculiar grounds —the duty of using most approved machinery to prevent emission of sparks, the presumption that emission of sparks is *prima facie* evidence that such improved machinery has not been used, and upon the grave difficulty in the way of a plaintiff to affirmatively prove the character of machinery in the exclusive care and control of the defendant. The case is not parallel to the one under consideration, and affords no reason for further departure from the well-settled general rule which refuses to presume negligence save upon facts naturally im-

puting a want of care. When, therefore, a loss of goods by fire is shown, either upon the proof of the plaintiff or the defendant, and such proof does not show circumstances imputing negligence, the plaintiff must go further, and by evidence show some negligence or misconduct which will make the defendant answerable for the loss notwithstanding his exemption from liability from loss by fire.

By the proof of loss by fire the carrier has brought himself within the rule stated by Judge Caldwell in *Railway Co.* v. *Wynn,* "that the carrier may exonerate itself from responsibility by either showing that the case falls within one of the exceptions of the common law or within one of the stipulations of the special contract." 88 Tenn., 331.

It has been settled that after a bailor has proved the contract and the delivery of the goods, the burden of proof is upon the bailee to show a loss and the manner they were lost, and this throws the proof of negligence upon the bailor. *Runyan* v. *Caldwell,* 7 Hum., 134.

The great weight of authority is that the rule concerning a loss by fire under a bill of lading containing a fire clause is identical with that applicable to bailor and bailee. Hutchison on Carriers, 767, 768; Schouler on Carriers, Secs. 439, 478, and 578; Am. & Eng. Ency. of Law, Vol. II., 904, and authorities cited; *Railroad* v. *Reeves,* 10 Wall., 176; *Clark* v. *Barnwell,* 12 How., 130; *Iron Co.* v.

*Downer*, 11 Wall., 129; Wheeler on Carriers, 254, 255.

We do not understand the case of *Inman* v. *Railway Co.*, 129 U. S., 128, to decide any thing contrary to the earlier and well-considered cases cited above. That case went off, both in the Circuit and Supreme Court, upon another question altogether.

The case of *Turney* v. *Wilson*, 7 Yer., 340, was a case of suit against a carrier by water, whose bill of lading excused him from a loss by "dangers of the river." The proof showed a leaky boat, resulting from some unknown cause. It was properly held that an unknown cause producing a leaky boat was not "a danger of the river." What was said about the necessity of proving a danger which could not be avoided by the utmost care was unnecessary to the case. The case of *Dillard Bros.* v. *Railroad*, 2 Lea, 288, does not settle this question, it being expressly waived.

*Second.*—The bill of lading contained a clause excusing the railway company from liability for injury to goods "whose bulk is such as requires them to be carried upon open cars, or which are usually carried upon open cars." Evidence was offered to show that other railway companies usually carried compressed cotton upon open cars. This evidence, upon objection of the plaintiff below, was excluded. This was error. The proof was that this cotton was loaded upon an open car, and the fire originated in a box-car adjoining this open car, and in the

same train, and was communicated from the box-car to this open car. If it was usual to carry such freight upon open cars, then such method of carrying would not, as a matter of law, be negligence *per se.* Custom and usage of well-appointed and managed railway companies, in view of this provision of the contract, was competent evidence in the determination of the question of the care and diligence required in the carriage of such goods. *Rich* v. *Lambert*, 12 How., 352; *Clark* v. *Barnwill*, 12 How., 279; *Kelton* v. *Taylor*, 11 Lea, 264; Hutchison on Carriers, Secs. 304–307; Schouler on Carriers, Sec. 448.

*Third.*—There was no error in permitting this suit to be maintained in the name of the Manchester Mills for the use of the insurance company, who had paid the loss. "Where the consignor has insured the goods and they are lost, the insurance company, having paid the insurance, is entitled to be subrogated to the rights of the consignor against the carrier. The primary liability is upon the carrier, the secondary upon the insurer." Am. & Eng. Ency. of Law, Vol. II., p. 837, and cases cited.

"In the absence of any contract on the subject, if the insured owner accepts payment from the insurance company, they may use the name of the assured in an action to obtain redress from the carrier whose failure of duty caused the loss. The right rests upon the doctrine of subrogation, depending not at all upon privity of contract, but

worked out through the right of the owner. And suit cannot be in the name of the insurer." Am. & Eng. Ency. of Law, Vol. II., p. 840, and cases cited.

For the errors above indicated, the judgment will be reversed and remanded for new trial.