GRAFTON N. MILLIKEN ET AL., PLAINTIFFS BELOW, PLAINTIFFS IN ERROR, v. RUSSELL W. WOODWARD ET AL., DEFENDANTS BELOW, DEFENDANTS IN ERROR.

Argued November 10, 1899—Decided February 26, 1900.

1. A fire insurance broker is a specialist in the business of fire insurance and holds himself out to the world as possessing sufficient skill requisite to his calling, and if he does not exercise the proper and customary care and skill in effecting the insurance of the property of the person for whom he is acting, under his instructions and agreement with such person, the neglect of such skill and diligence is actionable, if it proximately results in loss or damage to the insured by whom he is retained and employed.

2. A concealment and misrepresentation by such broker in his application to the insurer, and in procuring insurance of the interest and ownership of the insured, in accordance with which the insurance is effected, will avoid the policy of insurance, if there be any express conditions therein, to the effect that if the interest of the assured be not truly stated, or if the interest of the assured be other than unconditional and sole ownership, the policy shall be void. The application for insurance in the face of and taken in connection with, such conditions contained in the policy is a warranty on the part of the assured as to such interest and ownership, a breach of which avoids the policy.

3. Where a husband and wife are owners together of a seven-eighths interest and ownership in personal property, and an insurance is effected by their fire insurance broker under an employment and agreement with him to have their interest and ownership, of which he is informed, truly stated and specifically designated in such insurance, and where by his concealment or misrepresentation, either by mistake or the want of customary skill and diligence on his part, an insurance is effected, the policy so obtained, which insures such property in the name of the husband alone as sole and unconditional owner, with no other statement of interest or ownership in any one else, is void, under the express conditions of the policy which provides that the interest of the assured shall be truly stated. Such a policy is also void under the condition that it shall be so void, unless otherwise provided by agreement endorsed thereon or added thereto, if the interest of the insured be other than unconditional and sole ownership, if it appears that it has not been so otherwise provided by such endorsement or addition.

4. If such insurance be effected in the name of the husband alone, and so stated in the policy, a clause in the policy that the loss, if any, shall be payable to the wife as her interest may appear, will not have the effect

of an insurance covering her interest or ownership, there being nothing else in the policy disclosing that the insurance was to have such effect. This clause in the policy can have no other effect than as a direction to whom the loss shall be paid. It is nothing more than an assignment of the loss, if any should accrue to the interest of the husband, and is not an insurance of her estate or ownership.

On demurrer. Error to Hudson Circuit Court.

Before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and LIPPINCOTT. .

For the plaintiffs, *Cornelius Doremus.*

For the defendants, *Edward A. & William T. Day.*

The opinion of the court was delivered by

LIPPINCOTT, J.   This action was commenced in the Hudson County Circuit Court. A demurrer was filed to the original declaration filed therein. The demurrer was sustained, after which an amended declaration was .filed, to which a demurrer was again presented. This demurrer was also sustained by the Circuit Court and judgment in that court entered for the defendant. This writ of error is sued out to review this judgment. The demurrer was general, with á specification of causes, and the question to be determined is whether the averments of the declaration state a cause of action against the defendants.

The declaration avers that the defendants, Russell W. Woodward and I. O. Aymar Williamson, were together engaged in the business of brokers and solicitors of fire and marine insurance, and that the plaintiffs, Grafton N. Milliken and Blanche Milliken, his wife, in the month of July, 1895, retained and employed the defendants as such brokers and solicitors to effect insurance upon a certain tug of the plaintiffs, known as the steam tug "W. A. Levering," in the sum of $6,500, the policy to be issued in the names of the plaintiffs, who together were the owners of seven-eighths interest

in said steam tug, the said plaintiffs so informing the said defendants, and the policy of insurance to specify and particularly designate the ownership of said plaintiffs as aforesaid, for which insurance the said plaintiffs agreed to pay and did pay to the said defendants the sum of $65 as a premium fixed by the said defendants for effecting such insurance; that the defendants accepted and received such premium and entered upon such employment under said agreement, and that therefore it became the duty of the said defendants to have such insurance effected in such manner, and to cause to be issued and delivered to the plaintiffs a policy of insurance to them as owners of seven-eighths interest in said steam tug, in a proper, skillful and diligent manner. The further averment is that the defendants did not regard their duty, and did not effect such insurance in a proper, skillful and diligent manner, and cause such insurance to be so issued to the plaintiffs, but effected an insurance in two fire insurance companies, to wit, "The Manufacturers Lloyds of New York," and "The Merchants Fire Lloyds of New York;" in the first named company, by a policy for one year for $4,500, insuring said tug in the name of "G. N. Milliken," and making the "loss, if any, payable to Blanche Milliken as her interest may appear;" and in the second-named company, by a policy for the sum of $2,000 in like manner and form, the policies to run for one year, and that on the expiration of these policies the said defendants procured a re-issue of the same for one year, for like premiums paid by the plaintiffs to the defendants, said re-issued policies containing the same provisions and recitals as to ownership, and to whom loss payable, as the original policies contained, and that the policies first issued, as well as the re-issue, contained a condition, "that this entire policy shall be void if the insured has concealed or misrepresented in writing or otherwise any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated therein;" and also another condition, "that this entire policy, unless otherwise provided, by agreement endorsed thereon, or

added thereto, shall be void, * * * if the interest of the insured be other than unconditional and sole ownership." These policies are referred to in the declaration as being annexed thereto and made a part thereof, and an examination of them reveals the existence of these two conditions according to the averments of the declaration, and of which said policies the defendants had notice. The further averments are that the issue and re-issue of these policies in the manner and form aforesaid were done in an improper, unskillful and negligent manner by the said defendants, by not expressing therein the true and correct ownership of said steam tug, in insuring the same in the name of Grafton N. Milliken without regard to the interest of Blanche Milliken as a joint owner, in direct violations of the conditions of said policies and the renewals and re-issues thereof, and especially as to the conditions set forth as to ownership and interest of the plaintiffs, and that after the issuing of said policies and after their renewal and re-issue, and whilst they remained in full force and effect, the steam tug was wholly destroyed by fire, whereby the said plaintiff sustained a loss of $6,500, the value of such steam tug, of which the defendants had notice. The further averments are that the said insurance companies have not paid nor will they pay the plaintiffs said insurance specified in the respective policies, because of the breach of warranty and condition as to ownership, and the violation of the condition respecting the interest of the insured, all of which is due to improper, unskillful and negligent manner in effecting such insurance by the defendants; and an averment that the plaintiffs have kept and performed such agreement with the defendants, but that the defendants have not kept and performed such agreement in their behalf, and therefore, &c.

The conclusion reached is that the amended declaration exhibits a cause of action.

The action is based upon the negligent performance of a duty arising out of the contract between the plaintiffs and the defendants. 1 *Chit. Pl.* 154, 155, 160, 161; *Kinlyside* v.

*Thornton et· al.,* 2 *W. Bl.* 1111 ; *McAndrews* v. *Tippett,* 10 *Vroom* 105.

The defendants were exercising the particular employment of fire insurance brokers, and thus holding themselves out to the world as possessing sufficient skill requisite to the calling, and if ordinary skill and diligence is not exercised, the neglect is actionable if it proximately results in loss or damage. *Beach Cont.,* § 658, and cases cited.

A broker is a specialist employed as a middleman to negotiate between the parties to a sale or other business contract, and they must exercise customary skill in the preparation of such documents as are requisite to effectuate the business which they have in hand.    *Wheat. Agency,* §§ 205, 605.

It is clear, under the averments of the declaration, that the defendants neglected to procure policies and renewals or reissues of policies of insurance in conformity to the agreement with the plaintiffs. In fact, they violated such agreement distinctly, and disobeyed the instructions of the plaintiffs in procurement of the insurance. The instructions and the agreement and consideration thereof are clearly and distinctly set out that the insurance was to be obtained for the plaintiffs as owners together of seven-eighths interest in the steam tug, and the policy was to specify and designate the ownership of the plaintiffs. The policies distinctly fail to state the true interest of the plaintiffs, and the interest is stated to be the unconditional and sole ownership of Grafton N. Milliken. A more glaring averment of negligence could hardly be stated. What the contract or agreement was in terms as matter of fact is not material to be considered now. The averment of the declaration as to the nature of the insurance to be effected, and the insurance which was effected by the policies stated in the declaration and as annexed thereto are all that need now be discussed.

It is clear under the averments that these policies of insurance are not according to the agreement between the plaintiffs and the defendants. The policies designate Grafton N. Milliken as owner of the tug, and cover every interest therein.

It is clear by the averments that there remained one-eighth interest of which neither he nor his wife were the owners of, either jointly or severally. If the agreement is to be considered as effective, the defendants concealed the fact from the companies that there was an eighth interest of which neither of the plaintiffs was the owner. It also follows that the defendants misrepresented to the insurers the precise interests of the plaintiff, and negligently represented that Milliken alone was the sole owner.

The neglect of the defendants to exercise reasonable diligence to effect insurance according to the agreements is clearly and sufficiently set forth in the declaration.

The insurance, upon the application of the defendants as brokers of the plaintiff, of G. N. Milliken in these policies, as the sole and unconditional owner, "loss if any payable to Blanche Milliken as her interest may appear," without truly stating the interest of the insured in the tug, was a clear breach of the conditions and the warranties contained in the policies and avoided them entirely. The insurance is presumed to have been in accordance with such application. The facts averred in the declaration show distinctly a failure to state the true ownership to the insurer, and this is a breach of warranty, when the policies required such a statement under a condition which avoids the insurance. *Rohrbach* v. *Insurance Co.*, 62 *N. Y.* 47.

Therefore, the demurrants are driven to allege that the averments of the declaration taken in connection with the. terms of the policies annexed thereto show that the loss of the plaintiffs is recoverable under these policies, and first, that this is so because the insurers, by making the loss payable to Blanche Milliken "as her loss may appear," are estopped from denying their liability, because Grafton N. Milliken was not the sole and conditional owner, and secondly, because in insuring Grafton N. Milliken, the husband, as sole and unconditional owner, the interest of his wife was covered.

The insurers are certainly estopped from denying this contract whatever it may be, but they are not estopped from

denying a loss which could not occur upon a proper interpretation of the contract.

A direction in a policy of insurance or a contract therein to pay the loss, if any, to a certain person as interest may appear, where the insurance is in the name of someone else as the sole and unconditional owner, is not an insurance of the interest of the payee. The interest of such a person may be insured, but it can hardly be said that the loss if merely directed to be so paid can be considered as insurance. The loss, if any, in these policies would be the loss of Milliken as the sole owner of the tug by the express term of the contract. Whatever that loss might be would be payable to his wife, as her interest might appear, at the time of the loss.

The insurers cannot be estopped from relying upon the contract.

In all contracts or policies of insurance, the words "loss if any payable to ——— ——— as interest may appear," has not been considered as insuring the interest of such person. Such a person is not the assured, and if the interest of the assured fails, no interest which the payee may have can give rise to any liability. It does not refer to and include insuring the separate interest of the payee, but is limited to the personal interest of the assured at the time of the loss. This seems to be the logical interpretation of the ordinary contract of insurance, and it is firmly established by the authority of adjudged cases. *Bates* v. *Equitable Insurance Co.*, 10 *Wall.* 33; *Fogg* v. *Middlesex Insurance Co.*, 10 *Cush.* 337; *Froehly* v. *North St. Louis Insurance Co.*, 32 *Mo. App.* 302. It is only a direction in advance as to the mode of payment. *Martin* v. *Franklin Insurance Co.*, 9 *Vroom* 140. A breach of the conditions of the policy by the insured would defeat her right to recover this loss. She holds subject to the conditions of the policy, and it is the interest of Milliken which was insured not hers. *Warbasse* v. *Sussex Insurance Co.*, 13 *Id.* 203. His breach of the condition through the neglect and unskillfulness of his brokers defeats his right to

recover a loss, and her rights must be determined by his. If he has no insurable interest, no loss is payable to her. *Martin* v. *Franklin Insurance Co., supra; Warbasse* v. *Sussex Insurance Co., supra.*

The plaintiffs are in no wise estopped from relying upon a breach of the warranty of Milliken, by the direction that if any loss occurred it should be paid to her as her interest might appear, as it was not an insurance for her benefit.

It follows from these considerations that in this case the insurance in the name of the husband alone, as the sole and unconditional owner, did not cover the interest of his wife.

The contrary of this proposition is contended for by the defendants, and the case of Mertz *v.* Cumberland Insurance Co., is first relied upon. But a cursory examination of that case reveals that neither as matter of fact nor law can it have any application to the case in hand.

In that case the wife was the sole owner of the dwelling insured. The title and possession was in her alone, subject to the husband's inchoate right of curtesy. The policy was in the name of Lore, the husband, of a dwelling belonging to his wife, " for her use and benefit," as expressed in the policy. The loss was payable to the husband or his assigns. The insured contended, among other defences, that there could be no recovery, because at the time of the fire Lore had no insurable interest, but the court held that the validity of the policy did not depend upon his having an insurable interest. The policy disclosed that it was his wife's estate which was insured. He was made by the policy itself mere trustee or legal payee of the sum recoverable for her use and benefit, and that it was permissible for Lore, as agent for his wife, to insure her property in his own name for her benefit, either with or without her authority, and it enured to her benefit, if sanctioned by her either before or after the loss. It is seen, therefore, that the policy expressly disclosed that the insurance was of her estate and property in the name of the husband, as her agent or trustee.

In the case at bar the insurance is of the husband's estate alone.

Neither are the defendants any more fortunate in their reliance upon the case of *Insurance Co.* v. *Barracliff*, 16 *Vroom* 543. All that was held in that case in respect to this matter was that a husband, having in his own name with his wife's authority insured real and personal property, in the joint possession and enjoyment of the husband and wife, by a policy whose terms evinced an intention to insure the entire ownership, is entitled to recover for the whole loss, not exceeding the amount insured. Besides, in the policy in this latter case, there was no express provision that the concealment or want of designation or specification of the true interest of the assured would avoid the policy, or that it would be void, if the insured was not the sole and unconditional owner of the property.

In the case at bar these two conditions are expressed in the policy, and the application made by the defendants for the insurance for the plaintiffs, in the concealment, or misrepresentation, or misstatement of the interest of the assured in the property, are warranties, and if they be not true, under these conditions the policies are void.

The conclusion reached is that these policies are void as insurances in the hands of the plaintiffs, and that they are such by reason of violation by the defendants of their agreement with the plaintiffs to effect the insurance called for by such agreement.

Under the averments of the declaration a cause of action has arisen to the plaintiffs against the defendants for their negligence of the proper and customary skill in effecting such insurance.

The demurrer should have been overruled by the Circuit Court, and therefore the judgment must be reversed, with costs.