# NELLIE KIERCE v. LUMBERMEN'S INSURANCE COMPANY OF PHILADELPHIA.[1]

March 13, 1925.

No. 24,405.

**Definition of "the insured" in fire policy.**

1. The term "the insured," as used in a policy of fire insurance in the standard form, refers to the owner of the property insured, to whom the policy is issued and by whom the premium is paid.

**Effect of doing acts prohibited by policy.**

Acts prohibited by the policy, done by one to whom the policy-holder gives a contract for deed of the property insured, a rider being attached to the policy which provides that the loss, if any, shall be payable to the vendor and vendee as their respective interests may appear, do not affect the rights of the policy-holder unless he consented to the acts. The vendee is merely an appointee, entitled, in case of loss, to receive the stipulated portion of the proceeds of the policy.

**When operation of illegal still does not defeat recovery by vendor.**

2. The operation by the vendee, of a still for the illicit manufacture of intoxicating liquor, and the use of an oil stove to heat the room where the mash is kept, in the house insured, do not defeat a recovery by the vendor of the amount of a loss caused by a fire set by the stove, unless it is shown that the vendor had knowledge of the acts of the vendee.

**Application of proceeds of loss to vendee's unpaid purchase price.**

3. The vendor may recover all of the proceeds of a policy payable in the manner above mentioned and apply the money on the indebtedness of the vendee when the amount of the loss is less than the unpaid portion of the purchase price of the property.

*Headnote 1. See Fire Insurance, 26 C. J. p. 82, § 80; p. 197, § 239.
Headnote 2. See Fire Insurance, 26 C. J. p. 197, § 239.
Headnote 3. See Fire Insurance, 26 C. J. p. 438, § 586.

[1]Reported in 202 N. W. 730.

Action in the district court for Ramsey county. The case was tried before Boerner, J., who directed a verdict in favor of plaintiff for $879.70 with interest. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Oppenheimer, Peterson, Dickson & Hodgson,* for appellant.

*Mitchell, Doherty, Rumble, Bunn & Butler,* for respondent.

LEES, C.

In this action, brought to recover on a fire insurance policy, the court directed a verdict in plaintiff's favor and the defendant has appealed.

The policy was issued July 23, 1920, for the term of three years, named the plaintiff as the insured, was in the standard form prescribed by section 3512, G. S. 1923, and covered a house in the city of St. Paul. In describing the property, these words were used: "Occupied, and to be occupied, only for dwelling purposes." Because a still for the unlawful manufacture of intoxicating liquor was set up in the house by the person to whom plaintiff sold the house, the defendant seeks to avoid the policy.

The sale was made to one Rose Soltan in September, 1921. The purchase price was $3,000, of which $500 was paid in cash. The balance was payable in monthly instalments of $35. The vendee got a contract for a deed, under which she went into possession of the property. She was in possession at the time of the fire, which occurred February 1, 1922, and had paid $710 in all upon the contract.

On October 13, 1921, a rider, signed by defendant's agent, was attached to the policy. It read thus:

"Contract Clause.

The property insured thereunder has been sold to Rose Soltan, as purchaser under contract for deed, and loss, if any, under this policy is made payable to assured and Rose Soltan, as their respective interest may appear, subject, however, to any mortgagee interest if any stated therein.

Attached to and forming a part of Policy No. 99520 of the St. Paul, Minnesota, Agency of the Lumbermen's Insurance Company of Philadelphia, Pa."

Mrs. Soltan, or her husband, used an oil stove to heat the room where the mash fermented. The oil escaped or the stove exploded, and this was the cause of the fire.

After the action was brought, Mrs. Soltan was made a party defendant, but did not answer or appear. At the close of the evidence each of the parties moved for a directed verdict. The defendant's motion was denied and the plaintiff's granted. Defendant then moved in the alternative for judgment or a new trial, and the appeal is from a denial of its motion.

1. It is conceded that the Soltans' unlawful use of the house was without plaintiff's knowledge, advice or agency and that she did not assent to any change in the situation or circumstances affecting or increasing the risk.

Nevertheless defendant contends that, when properly construed, the term "the insured," as used in the statute and policy, includes a purchaser holding a contract for a deed, if a rider similar to the one used here is attached to the policy. The argument is that the use by the Soltans of a portion of the house as an illicit distillery increased the risk of loss, that Mrs. Soltan was one of the persons insured, and that her acts, and those of her husband although plaintiff neither knew of nor consented to them, voided the policy.

Without stopping to inquire whether there was a warranty in respect to the use of the building, we go directly to the vital question, namely: In what sense was the term "the insured" used in the policy and rider?

The policy contains an acknowledgment of payment of the premium by the insured and insures plaintiff and her legal representatives against loss or damage by fire. After the policy was issued, Mrs. Soltan acquired an insurable interest in the property. By the terms of the rider, protection was extended to her. The direction that, in case of loss, the amount to be paid by defendant should be divided between plaintiff and Mrs. Soltan in proportion to their respective interests in the property, did not alter the terms of the

contract in any respect, save in the one particular of appointing a denominated person to receive a portion of the money paid in settlement of the loss. It gave Mrs. Soltan an interest in the policy in common with plaintiff and they might have joined as plaintiffs in this action. Ermentrout v. American Fire Ins. Co. 60 Minn. 418, 62 N. W. 543.

The general rule is that the term "the insured" means the person who applies for the insurance, who is named in the policy as the insured and who pays the premium, and does not include a person appointed to receive a portion of the proceeds of the policy in case of loss. The cases are collected in 26 C. J. p. 82. Those most in point are Sanford v. Mechanics' Mut. Fire Ins. Co. 12 Cush. (Mass.) 541; Milliken v. Woodward, 64 N. J. Law, 444, 45 Atl. 796; Union Bldg. Assn. v. Rockford Ins. Co. 83 Iowa 647, 49 N. W. 1032, 14 L. R. A. 248, 32 Am. St. 323; Woods v. Ins. Co. of Pennsylvania, 82 Wash. 563, 144 Pac. 650; American Cereal Co. v. Western Assur. Co. (C. C.) 148 F. 77; Collinsville Sav. Soc. v. Boston Ins. Co. 77 Conn. 676, 60 Atl. 647, 69 L. R. A. 924.

The language of the policy relative to the effect which shall be given to knowledge or consent on the part of the insured to a use of the property which alters the circumstances affecting the risk or increases the risks, is not broad enough to include Mrs. Soltan, and we hold that her knowledge of and consent to the use made of the house by her husband did not affect plaintiff's rights under the policy.

2. Plaintiff's right to recover is not defeated by the clause relative to gunpowder or other articles subject to legal restrictions if kept on the premises in quantities or manner not allowed by law. The evidence fails to show that illicitly distilled liquors were in the house either before or at the time of the fire. Even if Mrs. Soltan did maintain a nuisance on the premises, it was not maintained with plaintiff's knowledge or consent, and we think the clause in question is so connected with the preceding clauses as to require them to be read and construed together, hence plaintiff's claim was not affected by the conduct of the occupants of the building of which

she was ignorant. Royal Exchange Assur. of London v. Thrower, 246 F. 768, 159 C. C. A. 70.

The provision which permits the use of oil stoves in dwelling houses for domestic purposes was disregarded by the Soltans and not by plaintiff. For reasons already stated, anything they did would not affect plaintiff's rights, unless their acts were done with her knowledge and consent.

3. The final contention is that plaintiff should not have been allowed to recover the entire amount of the loss. The amount was much less than the unpaid balance of the purchase price of the property. Plaintiff, therefore, had the right to take the amount at which the loss was adjusted and apply it on Mrs. Soltan's indebtedness to her under the contract, 26 C. J. p. 437.

Order affirmed.