J. F. SHEA COMPANY, INC., a Foreign Corporation, dba CENTURY COMMUNITY DEVELOPERS; and INDUSTRIAL INDEMNITY COMPANY, Appellants, *v.* HYNDS PLUMBING & HEATING COMPANY, a Nevada Corporation; BOBBY RUPPERT, JR.; and ATLANTIC INSURANCE COMPANY, a Foreign Corporation, Respondents.

No. 11053

December 3, 1980          619 P.2d 1207

*Thorndal, Backus, Lyles & Maupin,* Las Vegas, for Appellant J. F. Shea Company, Inc.

*T. D. Bolling, Jr.,* Sacramento, California; and *Guild, Hagen & Clark, Ltd,* Las Vegas, for Appellant Industrial Indemnity Company.

*Reid & Alverson,* Las Vegas, for Respondents.

## OPINION

By the Court, BATJER, J.:

On October 10, 1974, Industrial Indemnity Company, hereinafter referred to as "Industrial", issued a builder's risk fire insurance policy to J. F. Shea Company, Inc., dba Century Community Developers, hereinafter referred to as "Shea". The policy was effective through October, 1977, and covered fire losses at Shea's construction projects.

On January 15, 1976, Shea subcontracted with Hynds

Plumbing & Heating Company, hereinafter referred to as "Hynds". Pursuant to the subcontract, Hynds agreed to indemnify Shea from any loss or damage sustained by Shea resulting from Hynds' performance of the subcontract. Hynds also agreed to hold Shea harmless for bodily injury or property damage, and to procure liability insurance naming Shea as an insured. Atlantic Insurance Company, hereinafter referred to as "Atlantic", issued a public liability and property damage insurance policy to Hynds, naming Shea as an additional insured. Under Article II, § 4 of the subcontract, Shea was obligated to provide fire insurance for the property subject to the subcontract.

On January 25, 1976, Bobby Ruppert, Jr., an employee of Hynds, while welding, caused a fire in the building being constructed. Atlantic's adjusters investigated the loss, solicited bids, and authorized the repair work. The damage was repaired by Kauffman Construction at a cost of $57,044.60. Kauffman sought payment from Atlantic. Atlantic refused to pay for the repairs; therefore, Shea asked Industrial to pay. Industrial agreed to "loan" Shea the repair costs conditioned upon Shea's promise to repay the "loan" if a final judgment were entered in favor of Hynds, construing Article II, § 4 of the subcontract as a release by Shea of Hynds from liability for fire damage.[1]

Shea sued Hynds, Ruppert, and Atlantic to recover expenses incurred to repair the fire damaged buildings and attorney fees. (Industrial brought the action in Shea's name.) Hynds, Ruppert, and Atlantic filed an amended complaint seeking a judgment declaring Hynds and Ruppert to be coinsureds under the Industrial policy and precluding subrogation. Following the entry of summary judgment in favor of respondents, Shea and Industrial appealed. They argue that there is a genuine issue of material fact regarding the status of Hynds and Ruppert as coinsureds.[2]

1. Summary judgment is proper when there is no genuine

---

[1] Paragraph 26 of the Builders Risk Monthly Reporting Form, attached to the Industrial policy, states:

"Except as noted below, this company shall not be bound to pay any loss if the insured shall have impaired any right of recovery for loss to the property insured; however, it is agreed that: (A) as respects property while in the premises of the insured, permission is given the insured to release others in writing from liability for loss and such release shall not affect the right of the insured to recover hereunder."

[2] There is no evidence to support the district judge's conclusion that Atlantic is a coinsured under the Industrial policy.

issue of material fact or where, viewing the evidence and inferences which may be drawn in a light most favorable to the adverse party, the moving party is entitled to judgment as a matter of law. Harvey's Wagon Wheel v. MacSween, 96 Nev. 215, 606 P.2d 1095 (1980); Round Hill Gen. Improvement v. B-Neva, 96 Nev. 181, 606 P.2d 176 (1980); McDermond v. Siemens, 96 Nev. 226, 607 P.2d 108 (1980); NRCP 56. The district judge decided there was no genuine issue as to material fact and, as a matter of law, found Hynds and Ruppert to be coinsureds under the Industrial policy. We agree.

In Harvey's Wagon Wheel v. MacSween, *supra,* we held as a matter of law that coinsureds are immune from a subrogation claim by their insurer absent an explicit proviso to the contrary. In *Harvey's,* the contractor and subcontractor were additional insureds under a general purpose endorsement to a policy issued to Harvey's. There was no issue concerning their status as coinsureds.

Here, there is no language that expressly adds Hynds and Ruppert as insureds, either by name or description. However, the reporting form attached to the Industrial policy extends coverage to "materials, equipment and supplies and temporary structures of all kinds incidental to the construction of buildings and structures, and similar properties belonging to others for which the insured is liable". Thus the Industrial policy covered the building under construction, and any material, equipment and supplies of Hynds and Ruppert there, unless specifically excluded.[3]

The insurance provided for in the Industrial policy attached to the construction project for the benefit of all the unnamed owners of property therein. In this context, the term "liable" is not to be construed as being restricted to the legal liability of Shea, but extends coverage to the owner of any property within the project for which Shea was generally responsible. Shea, as general contractor, had responsibility for the premises where the work was in progress and for equipment and supplies on the premises. Consequently, Hynds' and Ruppert's material

---

[3]"Builders Risk Monthly Reporting Form" attached to the Industrial policy at page one thereof, paragraph 3(a), states as follows:

"*PROPERTY NOT COVERED:* This policy does not insure: (A) contractors' or sub-contractors' tools and equipment."

and supplies located on the damaged premises, which were not specifically excluded, were covered under the Industrial policy. It follows that Hynds and Ruppert were to that extent coinsured parties under the policy. Transamerica Insurance Company v. Gage Plumbing & Heating Company, 433 F.2d 1051 (10thCir. 1970); Louisiana Fire Ins. Co. v. Royal Indemity Co., 38 So.2d 807, 809 (La. 1959); United States Fire Insurance Company v. Beach, 275 So.2d 473, 475 (La.App. 1973); St. Paul Fire & Marine v. Murray Plumbing, Etc., 135 Cal.Rptr. 120, 126 (Ct.App. 1976); *see also* Baugh-Belarde Const. Co. v. College Utilities, 561 P.2d 1211 (Alas. 1977).[4] An insurer may not subrogate against a coinsured of its insured. Harvey's Wagon Wheel v. MacSween, *supra;* Home Insurance Company v. Pinski Brothers, Inc., 500 P.2d 945, 949 (Mont. 1972).

2. Appellant Shea further contends that, even if Hynds and Ruppert are coinsureds, the "other insurance and excess clause"[5] in the Industrial policy permits subrogation against their insurer, Atlantic. We do not agree.

The Atlantic policy was issued to Hynds in compliance with the terms of the subcontract. It is a public liability and property damage insurance policy that names Hynds and Shea as insureds. The parties agreed that it was to be the primary insurance for that type of coverage.

The Industrial policy is the primary coverage for fire loss. *See* United States Fire Ins. Co. v. Insurance Co. of No. America, 328 F.Supp. 43, 47 (E.D.Mo. 1971) (where two policies provide coverage, the more specific loss coverage is primary). The "other insurance" clause of this policy must be deemed to refer to other builder's risk insurance covering fire loss and not

[4]*Contra,* McBroome-Bennett Plumbing, Inc. v. Villa France, Inc., 515 S.W.2d 32 (Tex.Civ.App. 1974). We choose not to follow this Texas case because it overlooks the fact that the builder's risk insurance attached to the property under construction for the benefit of unnamed parties and does not merely indemnify the named insured against liability in tort or contract to the owners of property on the premises.

[5]Paragraph 18 of Industrial's Builders Risk Monthly Reporting Form states in part:

This policy does not attach to or become insurance against any peril upon property herein described, which at the time of any loss is covered by other insurance (meaning insurance in the name of the insured but not written upon the identical plan, terms, conditions, and provisions contained in this policy) until the liability of such other insurance has been exhausted, and then cover [sic] only such loss as may exceed the amount due from such other insurance. . . .

public liability and property damage insurance. St. Paul Fire & Marine v. Murray Plumbing, Etc., 135 Cal.Rptr. at 124.

The judgment of the district court is affirmed.[6]

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.

---

[6]Our holding today makes it unnecessary to determine whether or not Industrial was a real party in interest in the suit by Shea against Hynds, Ruppert and Atlantic.