Michael W. **MILLER** and **Karen Gay Miller**, Plaintiffs-Appellants,

v.

William A. **RUSSELL** and **Elsie M. Russell**, Defendants-Appellees.

Court of Appeals of Tennessee, Eastern Section.

Dec. 9, 1983.

Permission to Appeal Denied by Supreme Court April 2, 1984.

J. Jerry Foster, Chattanooga, for plaintiffs-appellants.

Josiah Baker, Goins, Gammon, Baker, Robinson & Knight, Chattanooga, for defendants-appellees.

OPINION

SANDERS, Judge.

The issue on this appeal is whether or not an insurer can be subrogated to a claim against a mortgagee who is covered by a loss payable clause in the policy.

The Plaintiffs-Appellants, Michael W. Miller and Karen Gay Miller, purchased a residence from the Defendants-Appellees,

William A. Russell and Elsie M. Russell. As a part of the consideration for the purchase price the Millers executed their note to the Russells, which was secured by a deed of trust on the property. As pertinent here, the deed of trust provides the mortgagors will "keep all improvements on the property insured in one or more insurance companies against loss by fire, windstorm, cyclone or tornado, for a sum equal to the balance of the principal of the debt; the insurance company or companies to be approved by and the policy or policies delivered to the holder of the debt, to whom the insurance shall be made payable." In compliance with this provision of the deed of trust Plaintiffs took out a fire and extended coverage policy with Standard Fire Insurance Company to cover the property. The Defendants were named as mortgagees in the policy and the policy provided: "If a mortgagee is named in the policy any loss payable under Coverage A or B shall be paid to the mortgagee and you as interests appear." Coverage A and B cover the dwelling and other structures on the property.

Shortly after the Plaintiffs had purchased the property it was extensively damaged by fire. Standard Fire Insurance Company issued its check for the damage and made it payable jointly to the Plaintiffs and Defendants. The Defendants endorsed the check over to the Plaintiffs who had the premises repaired. The Plaintiffs then filed suit against the Defendants for the use and benefit of Standard Fire Insurance Company under its subrogation rights. In their suit they say the Defendants had negligently damaged the wood stove chimney where the fire originated and it was concealed damage they were not aware of.

The Defendants filed a motion for summary judgment on the grounds they were insured under the policy and an insurer is not permitted to subrogate against its insured.

The court sustained the motion and the Plaintiffs have appealed. They present the single issue of "whether or not a mortgagee/loss payee on an insurance policy is or is not a person against whom the insurer of property may subrogate."

■■ This issue has not been addressed in this jurisdiction nor have we been cited to any cases, or found any, from other jurisdictions where the precise issue has been addressed. The general rule is that after the insurer has paid a loss, it "is entitled to be subrogated *pro tanto* to any right of action which the insured may have against a third person whose negligence or wrongful act caused the loss." 44 Am. Jur.2d *Insurance* § 1794 (1982). *See Railway Co. v. Manchester Mills*, 88 Tenn. 653, 14 S.W. 314 (1890) where the Court stated that "if the insured owner accepts payment from the insurance company, they (the insurance company) may use the name of the assured in an action to obtain redress from the carrier whose failure of duty caused the loss." *Id.* at 663, 14 S.W. 314. *See also Travelers Insurance Co. v. Williams*, 541 S.W.2d 587 (Tenn.1976); *Wilson v. Tennessee Farmers Mutual Insurance Co.*, 219 Tenn. 560, 411 S.W.2d 699 (1966); *Deming & Co. v. Merchants' Cotton-Press & Storage Co.*, 90 Tenn. 306, 17 S.W. 89 (1891). However, "no right of subrogation exists where the wrongdoer is also an insured under the same policy." 44 Am. Jur.2d, *supra*. Our precise inquiry thus must center on whether the Russells, as loss-payee mortgagees, were "insured" parties under the policy.

The Appellant contends that the mere fact that one is to receive proceeds from a policy does not in and of itself dictate that the individual is an "insured." The Appellant relies upon *Kierce v. Lumbermen's Insurance Co.*, 162 Minn. 277, 202 N.W. 730 (1925) as support for interpretation of the term "insured." In that case the Minnesota Supreme Court determined that " 'the insured' means the person who applies for the insurance, who is named in the policy as the insured and who pays the premium, and does not include a person appointed to receive a portion of the proceeds of the policy in case of loss." *Id.* at 731. The court, by defining "insured" in such a limited fashion, was able to reject

the contention of the insurance company that conduct by the purchasers of property had voided the company's policy with the seller.

Opposed to this rather strained approach are several decisions by courts that have confronted the closely analogous situation found with builder's risk insurance policies. Generally, in a builder's risk policy, the "builder, whether the owner of or general contractor on a building, seeks to insulate himself from loss which he might suffer because of damage to or loss of a building in the process of construction, alteration, or repair." Annot., 22 A.L.R. 4th 704 (1983). In the situation where a subcontractor negligently causes damage to the structure, often the insurance company will seek to recover against the subcontractor the amount paid to the owner or general contractor under the policy. Courts, rather uniformly, have disallowed such subrogation attempts, determining that the subcontractor and the owner/general contractor are coinsureds under the policy. *Transamerica Insurance Co. v. Gage Plumbing Co.*, 433 F.2d 1051 (10th Cir.1970); *J.F. Shea Co. v. Hynds Plumbing Co.*, 96 Nev. 862, 619 P.2d 1207 (1980); *Board of Education v. Hales*, 566 P.2d 1246 (Utah 1977); *Baugh-Belarde Construction Co. v. College Utilities Corp.*, 561 P.2d 1211 (Alaska 1977); *South Tippecanoe Corp. v. Shambaugh & Son, Inc.*, 395 N.E.2d 320 (Ind. App.1979); *St. Paul Fire Insurance Co. v. Murray Plumbing Corp.*, 65 Cal.App.3d 66, 135 Cal.Rptr. 120 (1976); *Factory Insurance Association v. Donco Corp.*, 496 S.W.2d 331 (Mo.App.1973); *United States Fire Insurance Co. v. Beach*, 275 So.2d 473 (La.App.1973).

The California Court of Appeals, in *St. Paul Fire, supra*, in a well-reasoned opinion, disallowed the insurance company's subrogation action against various subcontractors who allegedly had negligently caused water damage to a building under construction. The court, after reviewing the language of the policy which named the general contractor as the insured "for its account and/or the account of its subcontractors," determined that the subcontrac-

tors were insured under the policy. *Id.* 65 Cal.App.3d 66, 135 Cal.Rptr. at 124. The court continued, stating that "no right of subrogation can arise in favor of an insurer against its own insured since, by definition, subrogation exists only with respect to rights of the insurer against third persons to whom the insurer owes no duty." *Id.* at 126. Finally, the court reasoned that "the policy was obviously procured by (the general contractor) for the mutual benefit of the subcontractors and clearly extends coverage to them as additional assureds." *Id.* at 125.

It is interesting to note that certain courts, in builder's risk insurance cases, have disallowed subrogation attempts by the insurance company against subcontractors even where the subcontractor was not expressly mentioned in the policy. *Transamerica Insurance Co., supra; J.F. Shea, supra; Factory Insurance Co., supra.* In effect, these courts placed an affirmative duty upon the insurance company to expressly exclude subcontractors from coverage under builder's risk policies if there is to be any subrogation recovery.

■ We believe the builder's risk insurance cases provide better guidance then the *Kierce* decision in determining who is an "insured" under an insurance policy. In the present case the Russells, as mortgagees, were designated to recover proceeds from the insurance company in case of loss. The policy was taken out by the mortgagors for the mutual benefit of both themselves and the Russells. As such, the mortgagors and the mortgagees were coinsured under the policy. Under these circumstances can it be said the Russells were "third persons to whom the insurer owes no duty"? We think the question answers itself.

The issues are found in favor of the Appellees. The judgment of the trial court is affirmed and the cost of this appeal is taxed to the Appellants.

PARROTT, P.J., and GODDARD, J., concur.