[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JUNE 13, 1996
FACTS
By a one-count complaint filed with the court on January 4, 1994, the plaintiff, American States Insurance Company (ASIC), brought suit against the defendant, John Cocheo, Administrator of the Estate of Mary Lee Smith (Smith), in an effort to recover sums that ASIC paid to its insureds, Adonis and Miloslava Haldis (Haldises) as a result of a house fire allegedly caused by the negligence of Smith.
The relevant facts are as follows. On September 30, 1977, the Haldises and Smiths entered into a purchase and sale agreement whereby the Haldises agreed to purchase the subject property from the Smiths. As part of the sale, the Haldises executed a note in the approximate amount of $54,000 secured by a mortgage in the property in favor of the Smiths as mortgagees. The agreement also provided that the Smiths would retain a life estate in the property. The Smiths continued to reside in the home after the sale. On December 20, 1991, a fire broke out in the home causing extensive damage and killing Mary Lee Smith. Under a policy of CT Page 4919 insurance issued to the Haldises, ASIC paid $40,684.47 to cover the property damage. Consistent with the terms of the insurance contract, the Haldises thereafter assigned to ASIC all their rights against any party liable at law for the fire damages. Since ASIC alleges that the fire was caused by the negligence of Smith, it now seeks to recover from her estate the amount that it had previously paid to the Haldises.
On October 30, 1995, the defendant moved for summary judgment claiming that there are no genuine issues of material facts in dispute and that they are entitled to summary judgment as a matter of law. The defendant specifically asserts that Smith was a named insured under the mortgage clause of the insurance policy. Therefore, the administrator of Smith's estate claims that ASIC cannot subrogate against its own insured. Because Smith was a tenant of the Haldises, the administrator alternatively claims that, as a matter of law, Smith was a coinsured under the ASIC insurance policy. In opposition to the motion of summary judgment, ASIC claims that there is a genuine issue of material fact in dispute as to whether Smith can be considered a named insured or coinsured under the policy that it issued to the Haldises. Both parties have submitted briefs, affidavits, and a copy of the insurance policy, along with the purchase and sale agreement, in support of their respective positions.
DISCUSSION
The court shall render summary judgment "forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Alterations in original.) Home Insurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001 (1995). "[T]he trial court is limited to considering the pleadings, affidavits, and other documentary proof submitted by the parties." Orticelliv. Powers, 197 Conn. 9, 15, 495 A.2d 1023 (1985).
"Interpretation of an insurance policy, like the interpretation of other written contracts, involves a determination of the intent of the parties as expressed by the language of the policy . . . Unlike certain other contracts, however, where absent statutory warranty or definitive contract language the intent of the parties and thus the meaning of the CT Page 4920 contract is a factual question . . . construction of a contract of insurance presents a question of law for the court." (Citations omitted, emphasis added.) Aetna Life Casualty Co v.Bulaong, 218 Conn. 51, 58, 588 A.2d 138 (1991). "A policy of insurance is to be interpreted by the same general rules as those governing the construction of any written contract . . . If the insurance coverage is ambiguous, such ambiguity will be resolved against the insurer . . . We may not, however, indulge in forced construction ignoring provision [of the policy] . . . and we must give the natural and ordinary meaning to plain and unambiguous language in the provisions of an insurance contract." (Alteration in original, citations omitted, internal quotation marks omitted.) Kent v. Middlesex Mutual Assurance Co., 226 Conn. 427,436 n. 13, 627 A.2d 1319 (1993).
"[I]f the wording is open to two or more reasonable constructions, the clause must by familiar principles, be construed against the [defendant] . . ."; Buritt Mutual SavingsBank v. Transamerica Insurance Co., 180 Conn. 71, 78,428 A.2d 333 (1980); but "words do not become ambiguous simply because lawyers or laymen contend for different meanings . . ." (Citation omitted, internal quotation marks omitted.) Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 584, 573 A.2d 699 (1990). Furthermore, "[c]ontracts of insurance . . . must be read pursuant to the law existing when they were entered into . . . because it is presumed that the parties bargained with each other on the basis of existing law. (Citations omitted, emphasis added.) Aetna Casualty Surety Co. v. Lighty, 3 Conn. App. 697,701, 491 A.2d 1118 (1985).
Under the doctrine of subrogation, "an insurer indemnifying an insured against loss occasioned by the wrongful act of a third person is ordinarily subrogated to the rights of the insured against the third person on the equitable principle that the ultimate loss should fall on the one who, in good conscience, ought to bear it." State v. Bloomfield Construction Co., Inc.,126 Conn. 349, 356, 11 A.2d 382 (1940). The insurer's right to recoup its loss however, is not unlimited.
 There is no right of subrogation for an insurer against either one who is covered as a named insured in relation to the loss at issue, or any party who is covered as an additional insured in relation to that loss. Thus, an insurer's subrogation interest usually is limited to rights an insured may have CT Page 4921 against third persons — that is, persons who are not parties to or beneficiaries of the insurance relationship that gives rise to the subrogation claim by an insurer.
(Citation omitted.) Aetna Life Casualty v. Mark, 9 CONN. L. RPTR. No. 13, 402, 403 (August 16, 1993) (Hennessey, J.).
The sole issue in this case is whether a mortgagee, who is listed on the policy of insurance under a mortgage clause, can be considered an insured person against whom an insurer can subrogate. Because this question presents an issue of law based on an interpretation of a contract of insurance, it is appropriate to resolve it via a motion for summary judgment.
There is no dispute that Samuel and (Mary) Lee Smith are listed on the face sheet of the insurance policy as mortgagees of the insureds, the Haldises. Under the heading "Conditions," the policy of insurance states that:
15. Mortgage Clause
The word mortgagee includes trustee.
 If a mortgagee is named in this policy, any loss payable under Coverage A or B shall be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment shall be the same as the order or precedence of the mortgages.
 If we deny your claim, that denial shall not apply to a valid claim of the mortgagee, if the mortgagee:
 a. notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;
 b. pays any premium due under this policy on demand if you have neglected to pay the premium;
 c. submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so. Policy conditions relating to Appraisal, Suit against Us and Loss Payment apply to the mortgagee. CT Page 4922
 If the policy is cancelled by us, the mortgagee shall be notified at least 10 days before the date cancellation takes effect.
If we pay the mortgagee for any loss and deny payment to you:
 a. we are subrogated to all the rights of the mortgagee granted under the terms of mortgage on the property; or
 b. at our option, we may pay to the mortgagee the whole principle on the mortgage plus any accrued interest. In this event, we shall receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt.
 Subrogation shall not impair the right of the mortgagee to recover the full amount of the mortgagee's claim.
This insurance policy language is more commonly referred to as a union, standard, or New York loss payable or mortgage clause. See Appleman, 5A Insurance Law and Practice § 3401. "In the union, standard, or New York Forms, the mortgagee may become liable to pay the premium to the insurer — in return, it is freed from policy defenses which the company may have against the mortgagor." Id. "When the policy is taken by the mortgagor, payable to the mortgagee as his interest shall appear, then the policy is for the benefit of both parties." (Emphasis added.) Id.
Our Supreme Court has stated that a standard loss payable clause "creates a direct contractual relationship between the mortgagee and the insurer." Burritt Mutual Savings Bank v. TransamericaInsurance Co., 180 Conn. 71, 76, 428 A.2d 333 (1980).
While the issue of whether an insurer may subrogate against a mortgagee listed in the insured's policy appears never to have been specifically addressed in this state, the court finds that a mortgagee listed in an insurer's contract by the insured is a beneficiary of the insurance contract and therefore cannot be subrogated against by the insurer. See Miller v. Russell,674 S.W.2d 290, 292 (Tenn.Ct.App. 1983) (holding that a mortgagee should be considered a coinsured under a policy taken out by the mortgagor where the mortgagee is listed on the policy under a similar loss payable mortgage clause). CT Page 4923
Therefore, there being no genuine issue of material fact in dispute, the defendant's motion for summary judgment is granted.[1]
CONCLUSION
For the above stated reasons, the defendant's motion for summary judgment is granted.
HURLEY, J.