# LOUIS KOHN v. FIRE ASSOCIATION OF PHILADELPHIA.[1]

October 28, 1927.

No. 26,234.

**In suit to reform insurance policy and recover for loss, insurer's defense was properly stricken.**

To a suit by a vendor to reform a fire insurance policy and recover for a loss, the insurer interposed the defense that the fire was wilfully set by the vendee to defraud. This defense was improper so long as the vendee was not a party to the suit and plaintiff's cause of action remained predicated solely on the theory of reformation so as to name the vendor the one insured in the policy instead of the vendee, the complaint alleging that the contract of insurance was entered between plaintiff and defendant, but that by mutual mistake and inadvertence the vendee's name was inserted in the policy as the party insured.

Fire Insurance, 26 C. J. p. 106 n. 69 New.

See note in 11 L.R.A.(N.S.) 357.
See note in L. R. A. 1917C, 110; 14 R. C. L. 902; 3 R. C. L. Supp. 311; 4 R. C. L. Supp. 929.

Defendant appealed from an order of the district court for Ramsey county, Olin B. Lewis, J., striking out a portion of its answer. Affirmed.

*Nathan H. Chase,* for appellant.
*Kerr, Nelson, Burns & Mohan,* for respondent.

HOLT, J.

The appeal is from an order striking out an affirmative defense. The complaint is to reform a fire insurance policy and recover for a loss thereunder.

The substance of the allegations on this feature may be stated thus: Plaintiff was the owner of a grain elevator and equipment on the right of way of the Soo line at Bowlus, Minnesota, and, on

[1]Reported in 215 N. W. 835.

September 4, 1924, entered into a contract to sell the same to one H. N. Lunde for $6,000. Lunde paid $500 at that time and was to pay the balance in monthly instalments, title to the property to remain in plaintiff until the whole purchase price was paid. It was agreed in the contract that Lunde was to keep the property insured in the sum of $6,000 against fire, insurance payable to plaintiff, and in the event of total loss plaintiff should retain out of the insurance a sum equal to the amount remaining unpaid on the contract, principal and interest, and pay the balance to Lunde. On September 19, 1925, plaintiff made a contract with defendant whereby defendant agreed to insure plaintiff for one year against loss or damage on said elevator and equipment by fire in the sum of $2,500, and issued its policy; but by mutual mistake the name of the insured was stated to be "Bowlus Grain Company," the trade name under which Lunde was doing business therein. The agent of defendant who solicited the insurance knew and was advised of the fact that plaintiff was the owner and had contracted to sell to Lunde who was obligated to keep the property insured in plaintiff's name so as to protect his rights with respect to the unpaid balance of the purchase price, and said agent was directed to draw the policy so that loss would be payable first to plaintiff and thereafter to Lunde as their respective interests might appear. The agent agreed to do this, but by mutual mistake the policy was issued as stated. The property was destroyed by fire March 7, 1926, at which time the purchase price remaining unpaid to plaintiff was $4,200. Plaintiff prayed that the policy issued be so reformed as to make its proceeds payable in event of loss first to plaintiff as his interest may appear under said contract of sale, and second the balance to Lunde.

The answer admitted the contract between plaintiff and Lunde and that $4,200 was unpaid thereon; also that defendant issued its policy insuring the property covered by the contract against loss by fire; but avers that it was issued to Lunde insuring him under the name of Bowlus Grain Company and denies any insurance contract with plaintiff or that there was a mutual mistake in the policy

or loss-payable clause thereof. The affirmative defense stricken was the one alleging that the fire which totally destroyed the property covered by the policy was set by the fraudulent and wilful act, procurement or connivance of Lunde. The answer studiously avoids connecting plaintiff with the setting of the fire.

Counsel for plaintiff in the oral argument and in the brief assert that they stand solely on the theory that they must establish the right to a reformation of the policy so as to make it a contract of insurance directly between plaintiff and defendant. If so, plaintiff can sue and recover in his own right. But defendant maintains that even though plaintiff may not be able to establish a right to have the policy reformed he has an equitable lien on the insurance through an enforcement of his contract with Lunde. In such a case he must claim through Lunde, and if the latter has forfeited his rights by the defensive matter pleaded in the part of the answer ordered stricken, plaintiff must fail. Van Buren v. St. Joseph Co. Village Fire Ins. Co. 28 Mich. 398; Fidelity-Phenix Fire Ins. Co. v. Cleveland, 57 Okl. 237, 156 P. 638.

A vendor or mortgagee, protected by a policy reading as plaintiff seeks to have this one read, may bring an action to recover of the insurer without joining the vendee or mortgagor, where as here the amount due the vendor is more than the policy. Although defendant alleges a policy of $2,500 in another company, there is no allegation that it has been paid on plaintiff's claim, nor that plaintiff is entitled thereto. It is undoubtedly true that where there is concurrent insurance or where the total insurance exceeds a vendor's or mortgagee's interest, the other insurance companies and the vendee or mortgagor may be made parties defendant or plaintiff, as the case may be, or impleaded so as to determine all rights. Maxcy v. New Hampshire Fire Ins. Co. 54 Minn. 272, 55 N. W. 1130, 40 A. S. R. 325.

It seems to us that the trial court was right in striking out a defense which could not be interposed unless Lunde were a party and unless plaintiff, peradventure, should fail to establish the right of reformation, the issue plainly tendered in the complaint as the

sole one upon which his recovery depended. Should plaintiff attempt to shift positions and, as defendant anticipates, seek to have specific performance of Lunde's contract to insure (Mark v. Liverpool & L. & G. Ins. Co. 159 Minn. 315, 198 N. W. 1003, 38 A. L. R. 310) and recover on that theory, we apprehend the court would require Lunde to be made a party and then give defendant opportunity to interpose the defense stricken. And no doubt upon a showing by defendant that all of the insurance, on plaintiff's theory of reformation, would not go to him, but part to Lunde, the court would order Lunde to interplead and then the defense attempted would be available as to Lunde's interest. As the parties now are we think the learned trial court did not err in striking the part of the answer which alleged the fire which caused the loss to have been wilfully set by Lunde to defraud defendant.

Whether the mortgagee-payable clause in the standard policy form (G. S. 1923, § 3512) applies to real property only we need not now determine.

Order affirmed.