## LANGHORNE v. CAPITAL FIRE INS. CO. OF CALIFORNIA.

### No. 589 Civil.

District Court, D. Minnesota, Fourth Division.

March 2, 1942.

Henry W. Norton, of Carleton, Cherry & Norton, all of Minneapolis, Minn., for plaintiff.

Leroy Bowen, of Bowen & Bowen, all of Minneapolis, Minn., for defendant.

NORDBYE, District Judge.

The facts out of which the cause of action arises are essentially these: Plaintiff is the vendor of certain real property under contract for deed which required the vendee, one Christine Peterson, to insure the premises against loss by fire for the benefit of the vendor. The vendee insured the premises in her own name, the policy containing a loss payable clause for the benefit of the vendor as his interest might appear. The policy also contained a "standard" or "union mortgage" clause as follows: "If this policy shall be made payable to a mortgagee of the insured real estate, no act or default of any person other than such mortgagee, or his agents, or those claiming under him, shall affect such mortgagee's right to recover in case of loss on such real estate."

Both the amount of the policy and the amount of loss exceeded the plaintiff's interest in the property. It is admitted that the fire was of incendiary origin, and the defendant asserts that the fire was started by the vendee, or that she conspired with another to start the fire for the purpose of defrauding the insurance company.

The primary issue is whether the standard union mortgage clause quoted above, protecting a mortgagee from the consequences of the acts or defaults of the insured, likewise protects a vendor in a contract for deed. If so, it is immaterial whether or not the defendant has an affirmative defense against the vendee. It is clear that, under the Minnesota statutes and decisions and under the circumstances of the case at bar, a mortgagee would be entitled to recover. He could rely on an independent contract between him and the insurance company. Mason's Minnesota Statutes 1927, Section 3512; Magoun v. Firemen's Fund Ins. Co., 86 Minn. 486, 91 N.W. 5, 91 Am.St.Rep. 370.

It is plaintiff's position that "mortgagee" as used in the union mortgage clause "means any person who holds an interest in real estate as security for the payment of a debt or performance of an obligation." It is urged that the Legislature intended that a vendor of a contract for deed should be accorded the same right and status as a mortgagee in a policy where the union mortgage clause is found. There is, however, no historical justification for this position. Prior to the use of the union mortgage clause, the customary method of indemnifying the mortgagee was to make the policy payable to the mortgagee in case of loss. In such cases, the mortgagee was treated as an appointee of the mortgagor, and his right to the proceeds of the policy was subject to the defenses the insurance company might have against the insured mortgagor. Apparently, this protection was deemed inadequate and unsatisfactory to the mortgagee and the practice arose whereby mortgagees made contracts with the insurance companies which provided policies containing the union mortgage clause, so that the insurance would be secure from the acts of the

740

mortgagor. See, Syndicate Insurance Co. v. Bohn, 8 Cir., 1894, 65 F. 165, 27 L.R.A. 614; 5 Couch on Insurance, Sec. 1215(a) and 1215(b). Thus it is seen that the clause was contractual in origin and later was carried over into the statutory or standard policies.

At the outset, it should be remembered that the vendee in the present insurance contract was the insured, not the vendor. Plaintiff had no independent contract with the defendant unless the union mortgage contract applies to vendors as well as mortgagees. While there is some similarity as to the rights and character of a vendor in a contract for deed and a mortgagee with reference to real property, obviously there are certain fundamental differences. The vendor is a fee-owner of the property and holds the legal title. The mortgagee merely holds a lien on the property which does not vest him with any estate or interest in the land. It is well known that generally a vendor in a contract for deed makes provision for his own insurance, so that he is the insured and not the vendee. Certainly, if the Legislature intended to include vendors in the union mortgage clause, it would have been a simple matter to have specifically used the term "vendor or mortgagee". That the term "mortgagee" as used in a standard policy is used in a restricted sense is supported by the holding in Clarke & Cohen v. Real, 1932, 105 Pa.Super. 102, 159 A. 454, where it was held that a judgment creditor, even though named as a mortgagee or trustee in the union mortgage clause, was not entitled to the benefit of an independent contract of insurance. Moreover, there are other statutory provisions to be read in connection with the union mortgage clause that strongly indicate that the Legislature meant just what it said when it used the term "mortgagee" therein. For instance, after loss, upon payment to the mortgagee, he must assign and transfer " * * * the said mortgage, together with the note and debts thereby secured." Section 3512, Mason's Minnesota Statutes 1927. Obviously, this language is not appropriate to a vendor in a contract for deed. If it is assumed to apply this statutory language to a vendor, one may pertinently inquire as to the type of an instrument which a vendor must execute and what are the obligations of an insurance company which succeeds to the covenants of a vendor in a contract for deed. The very absence of any apt statutory language

pertaining to vendors in Section 3512 forcibly negatives the statutory interpretation which is now advanced by the plaintiff herein.

Furthermore, the cases in which the Minnesota courts have looked through many transactions under different names to determine whether they actually constituted mortgages and whether the parties thereto stood in the relationship of mortgagor and mortgagee, notwithstanding that the terms "vendor" and "vendee" were used, will not avail the plaintiff. Undoubtedly, one cannot thwart the rights of a mortgagor with reference to a statutory foreclosure and right to redemption by any subterfuge when an actual loan of money is involved, and the use of the terms "vendor" and "vendee" or the entering into a contract for deed will not be binding if it does not express the true relationship between the parties. But there is no contention herein that Langhorne was actually a mortgagee or that this transaction was anything else but the bona fide sale of real property under a contract for deed.

Plaintiff relies on the case of Kohn v. Fire Ass'n of Philadelphia, 1927, 172 Minn. 486, 215 N.W. 835, but a careful reading of that case finds no support for plaintiff's position. In that case, the vendor made an application to the defendant insurance company to insure certain property which had been sold under a contract for deed to one Lunde. It was alleged in the complaint that by mutual mistake the name of the insured was stated to be the trade name of the vendee. The action before the court was one for reformation. Plaintiff was seeking a decree of the court whereby the policy would be reformed so that the vendor would be the named insured in the contract and for a recovery of the amount of the loss. The answer denied any mutual mistake, and by way of affirmative defense alleged that the vendee had set the fire. The court, on plaintiff's motion, struck out the affirmative defense, and an appeal was taken. The court stated (page 488 of 172 Minn., page 835 of 215 N.W.):

"A vendor or mortgagee, protected by a policy reading as plaintiff seeks to have this one read, may bring an action to recover of the insurer without joining the vendee or mortgagor, where, as here, the amount due the vendor is more than the policy. * * *

"It seems to us that the trial court was right in striking out a defense which could not be interposed unless Lunde were a party and unless plaintiff, peradventure, should fail to establish the right of reformation, the issue plainly tendered in the complaint as the sole one upon which his recovery depended. Should plaintiff attempt to shift positions and, as defendant anticipates, seek to have specific performance of Lunde's contract to insure * * * and recover on that theory, we apprehend the court would require Lunde to be made a party and then give defendant opportunity to interpose the defense stricken."

The important distinction to bear in mind is that, in the Kohn case, the vendor sought to have the contract of insurance reformed so that it would be an independent contract between him and the insurance company. If he succeeded, then the affirmative defense alleged would be wholly immaterial. The court took pains to state that plaintiff stood solely on the theory that he was entitled to reformation "so as to make it a contract of insurance directly between plaintiff and defendant." 172 Minn. at page 488, 215 N.W. at page 835. In the instant case, Langhorne does not contend that there was any independent contract between him and the defendant. It is conceded that the vendee herein was the assured, not Langhorne. In the Kohn case, the defendant asserted that, if plaintiff failed to establish his right to reform, he would nevertheless have an equitable lien on the insurance by reason of the vendee's obligation to keep the property insured to protect the vendor's interest. In meeting that contention, the court stated (172 Minn. page 488, 215 N.W. at page 835): " * * * In such a case he must claim through Lunde, and if the latter has forfeited his rights by the defensive matter pleaded in the part of the answer ordered stricken, plaintiff must fail."

The latter situation which the court referred to is the one which now confronts this Court. Langhorne must claim through the vendee because she was the insured. He has been merely nominated by the assured as one to whom a part or all of the insurance should be paid as his interest might appear, and, under such circumstances, the defensive matter pleaded herein that the vendee set the fire constitutes, if proved, a valid defense.

Emphasis is placed on the provisions of the policy which provide that any loss payable should be made to John L. Langhorne, owner, and to Christine Peterson, contract purchaser, as their interests may appear. But absent the benefit of the union mortgage clause, it is clear that this provision does not give the vendor any independent contract of insurance with the defendant company. See, Kierce v. Lumberman's Ins. Co., 1925, 162 Minn. 277, 202 N.W. 730. It follows, therefore, that, on the present showing, it must be held that the vendor in this contract for deed is not within the protection of the union mortgage clause protecting a mortgagee from the consequences and acts of the insured. The vendor herein must be considered to be an appointee of the vendee, and is therefore subject to the defenses the insurance company may have against the insured. This conclusion necessitates the dismissal of the motion for summary judgment. It is so ordered. In view thereof, the other questions argued do not require comment.

An exception is reserved to the plaintiff.