BOEHM'S INC., d/b/a Boehm Heating Company, Respondent,

v.

Michael G. WACHHOLZ, Appellant,

Joseph Jonathan Diederichs, et al., Defendants.

No. CX–92–1484.

Court of Appeals of Minnesota.

Feb. 2, 1993.

Sandra R. Boehm, Sandra R. Boehm & Associates, St. Paul, for respondent.

Paul F. Garvie, Minneapolis, for appellant.

Considered and decided by PARKER, P.J., and PETERSON and FLEMING,* JJ.

## OPINION

PETERSON, Judge.

Respondent obtained a mechanics' lien on appellant's vendee's interest in contract for deed property and subsequently purchased this vendee's interest in a sheriff's sale following foreclosure of the mechanics' lien. The trial court ruled appellant was not entitled to a one-year redemption period following the sheriff's sale because appellant had received notice of cancellation of the contract for deed and the notice changed the contract terms so that the conditions of the contract were to be performed in not more than two years. We reverse.

## FACTS

On January 30, 1990, appellant Michael Wachholz purchased a home in St. Paul on contract for deed. The contract required Wachholz to pay $7,500 down and make monthly payments until March 15, 1995, when the remaining balance was to be paid in full. On July 8, 1991, Wachholz purchased a furnace and central air conditioner for the home from Boehm's Heating Company. Wachholz has made no payments to Boehm's. On December 3, 1991, Boehm's filed a mechanics' lien statement and on December 20, 1991, commenced an action to foreclose its mechanics' lien. Boehm's was unaware that Wachholz was

* Retired judge of the district court, serving as judge of the Court of Appeals by appointment

purchasing the property on contract for deed and consequently did not serve the contract vendors with a pre-lien notice.

Wachholz defaulted on the contract for deed by failing to make his November 1991 payment until January 1992. He has made no payments since then. The contract for deed payment due November 15, 1991 was received and accepted by the vendors on January 8, 1992. Despite receiving that payment, the vendors, on January 10, 1992, served Wachholz with notice of cancellation of the contract for deed. Wachholz was given until March 11, 1992, to cure the default and avoid cancellation of the contract for deed.

Wachholz filed for bankruptcy on March 5, 1992, thereby extending the cure period to May 5, 1992. The bankruptcy court issued an order on March 23, 1992, allowing Boehm's to continue with its mechanics' lien foreclosure action despite Wachholz's bankruptcy petition. Upon Boehm's motion, the trial court enjoined further proceedings on the contract cancellation until confirmation of the sheriff's sale of the vendee's interest.

As a condition upon granting Boehm's motion for a preliminary injunction, the court ordered Boehm's to deposit $6,457.24 with the clerk of courts. On July 1, 1992, the trial court ordered $5,457.24 of the funds on deposit released to the contract for deed vendors as cure for the default, plus attorney fees, costs, and disbursements.

On July 9, 1992, the trial court conditioned Wachholz's right of redemption, stating Wachholz was not

> entitled to a right of redemption unless within the fifteen (15) day time period specified by Minn.Stat. § 559.211, subd. 1, Wachholz cures the Contract for Deed by paying all amounts due under the contract, including reimbursing plaintiff all amounts paid by plaintiff to [vendors] in order to preserve the Contract for Deed.

pursuant to Minn. Const. art. VI, § 2.

Following foreclosure of Boehm's mechanics' lien, a sheriff's sale was held on July 24, 1992, and Boehm's acquired Wachholz's vendee's interest for $14,219.57, which was equal to the amount of the mechanics' lien judgment, plus expenses, including the amount paid to the vendors. On July 28, 1992 the sheriff's sale was confirmed and the trial court amended its May 4, 1992 judgment to include expenses incurred by Boehm's since that date and ordered the judgment satisfied by the sheriff's sale proceeds.

Upon confirmation of the sheriff's sale, the preliminary injunction enjoining cancellation of the contract for deed was lifted. The trial court granted Boehm's motion for immediate possession following expiration of Wachholz's 15–day cure period under Minn.Stat. § 559.211 (1990). When the 15–day period expired without a cure, Boehm's obtained a writ of restitution and evicted Wachholz.

## ISSUES

I. Did Wachholz fail to preserve the issue of redemption?

II. Did the trial court err by ruling Wachholz was not entitled to a one-year redemption period under Minn.Stat. § 514.15 (1990) because notice of cancellation of the contract for deed changed the contract terms so that the conditions of the contract were to be performed in not more than two years?

## ANALYSIS

### I.

▇▇▇ This court's "review is necessarily limited to issues which the record establishes were actually raised in, and decided by, the trial court." *In Re Estate of Magnus,* 436 N.W.2d 821, 823 (Minn.App.1989). Boehm's contends that the issue of redemption is not properly before this court because Wachholz did not submit a memorandum in objection to Boehm's motion to deny the redemption period. We disagree. It is

clear from the record that this issue was before the trial court and that Wachholz entered his oral objection to this motion at the hearing.

### II.

▇▇▇ On appeal, "this court's review is limited to a determination of whether the trial court's findings are clearly erroneous, either without substantial support or based on erroneous conclusions of law." *Matter v. Nelson,* 478 N.W.2d 211, 213 (Minn.App. 1991). We need not defer to the trial court's conclusions regarding questions of law. *Id.*

Minnesota Statute § 514.15 (1990) states:

If the estate sold be a leasehold having not more than two years to run, or be the interest of a vendee under an executory contract of sale the conditions whereof are to be performed within the same period, no redemption shall be allowed; in all other cases the right of redemption shall be the same as upon execution sales.[1]

▇▇▇ Boehm's argues that service of the notice of cancellation by the vendors changed the contract terms so that there were "not more than two years" to run. The contract has never been canceled. Wachholz was served with notice of cancellation and given 60 days to cure. The 60–day period was extended by Wachholz's bankruptcy petition. Because its mechanics' lien did not extend to the vendors' interest, it was vital to Boehm's that Wachholz's vendee's interest not be terminated by cancellation of the contract. *See Farmers & Merchants State Bank v. Stageberg,* 161 Minn. 413, 415, 201 N.W. 612, 612 (1925) (lien attaches to interest debtor holds rather than legal title). Therefore, Boehm's first suspended the cancellation by obtaining an injunction, and finally, precluded the cancellation by paying the vendors the amount in default, plus attorney fees and costs.

---

1. *Compare* Minn.Stat. § 514.15 *with* Minn.Stat. § 550.24 (1990) which only excludes leaseholds "of two years' unexpired term" from redemption while "in all other cases the property sold * * * is subject to redemption."

450

"It is a long-standing law in Minnesota that once statutory notice has been served and cancellation effected, all rights under a contract for deed are terminated." *Gatz v. Frank M. Langenfeld & Sons Constr. Inc.*, 356 N.W.2d 716, 718 (Minn.App.1984). The converse is also true: until terminated, the terms and conditions of a contract for deed remain in full force and effect. *See* Minn.Stat. § 559.21, subd. 4 (1990) (contract is reinstated if default corrected within time mentioned and terminated if conditions not met). Mere notice of intent to cancel does not serve to cancel the contract or to change the conditions of the contract.

Minn.Stat. § 582.03 (1990) allows a purchaser at any judicial sale to pay taxes, assessments, insurance premiums, costs of recovery, and contract for deed payments and to add these costs, plus interest, to the "sum required to be paid to redeem from such sale." *Id.* Thus, in order to redeem his vendee's interest in the contract for deed, Wachholz would have to pay a sum equal to the expenses Boehm's incurred, including the amount of the mechanics' lien, sums paid to the vendors, costs, and attorney fees. Barring a period of redemption, however, would deny Wachholz any opportunity to salvage the money he has invested in the property under the contract for deed.

Boehm's argues that after it has been determined that a mechanics' lien has attached, the statutes should be liberally construed to protect the lienor. *See Guillaume & Assoc., Inc. v. Don-John Co.*, 336 N.W.2d 262, 263 (Minn.1983); *Albert & Harlow, Inc. v. Great N. Oil Co.*, 283 Minn. 246, 250, 167 N.W.2d 500, 504 (1969). These cases, however, discuss attachment and foreclosure of a mechanics' lien and do not address the right of redemption.

> [T]he right of redemption is favored in law. * * * We must keep in view the general object of the statute giving and regulating redemptions. The purpose is to enable all who have interests or claims in the property which may be cut off to save those interests or claims, insofar as this may be done without impairing the rights of those in whose behalf the sale was made.

*Law v. Citizen's Bank*, 85 Minn. 411, 416, 89 N.W. 320, 322 (1902); *see also Tomasko v. Cotton*, 200 Minn. 69, 72, 273 N.W. 628, 630 (1937) (statutes liberally construed in favor of redemption).

Accordingly, we hold the trial court erred in ruling Wachholz was not entitled to a right of redemption unless the contract for deed default was cured within the 15–day period specified by Minn.Stat. § 559.211 (1990).

## DECISION

 Service of a notice of cancellation of a contract for deed by the contract for deed vendors does not change the contract terms. Because the contract for deed had more than two years to run, Wachholz is entitled to a one-year redemption period.

Reversed.