**Bryan J. REITZNER, as Assignee of Timothy L. LaPerre, et al., Appellants,**

v.

**The STATE FARM FIRE AND CASUALTY COMPANY, INC., an Illinois corporation, et al., Respondents.**

No. C3–93–1210.

Court of Appeals of Minnesota.

Dec. 28, 1993.

Mark J. Kallenbach, Minneapolis, for appellants.

Thomas H. Crouch, Meagher & Geer, Minneapolis, for respondents.

Considered and decided by RANDALL, P.J., and KALITOWSKI and DAVIES, JJ.

## OPINION

RANDALL, Judge.

Appellant Bryan J. Reitzner is the assignee of a vendor's interest in a contract for deed. Appellant asserts that he is entitled to proceeds under a fire insurance policy issued by respondent State Farm Fire and Casualty Company for losses that admittedly resulted from the vendee's intentional act of arson. Appellant also asserts claims of negligence, reformation, fraud, and misrepresentation against respondent State Farm and respondent James Horgan, the insurance agent who sold the insurance policy at issue. The trial court granted summary judgment in favor of respondents State Farm and Horgan. Reitzner appeals from judgment. We affirm.

## FACTS

On June 1, 1989, Stephan M. Walker purchased property located at 1935 Kilmer Lane North, Plymouth, Minnesota, (the property), on a contract for deed from Christina Marth. The total purchase price of the property was $43,000. The contract for deed provided in part:

> Purchaser shall keep all buildings, improvements and fixtures * * * located on or a part of the Property insured against loss by fire * * * for at least the amount of $40,000. * * *

> The insurance policy shall contain a loss payable clause in favor of Seller which provides that Seller's right to recover under the insurance shall not be impaired by any acts or omissions of Purchaser or Seller, and that Seller shall otherwise be afforded all rights and privileges customarily provided a mortgagee under the so-called standard mortgage clause.

On October 12, 1989, Christina Marth assigned her interest as vendor in the contract for deed to Timothy L. LaPerre.

Respondent State Farm issued an insurance policy on the property to Stephen Walker for the period of October 11, 1990, to October 11, 1991 (the State Farm policy). According to the affidavits of James Horgan, the insurance agent, and Theresa Gutoski, Horgan's office manager, during the application process, Walker was asked if there was a mortgage on the property. He stated there was not. Walker did indicate that LaPerre held a contract for deed on the property. However, Walker did not present the contract for deed or a document called a Minnesota Uniform Conveyancing Document, Form 54–M. Further, the affidavits indicate that Walker did not request that the insurance coverage comply with any term, provision, or condition in the contract for deed or any other document. No representations were made to Horgan or Gutoski that LaPerre, the holder of the contract for deed, should be treated as a mortgagee. Horgan and Gutoski had no dealings with LaPerre. The application signed by Walker identifies LaPerre as an additional insured, not as a mortgagee.

The declaration page of the State Farm policy identifies Walker as the named insured and LaPerre as an additional insured. The policy's definition of "insured" includes anyone identified in the declarations as an additional insured. Thus, under the terms of the policy, LaPerre is an "insured" within the meaning of the policy.

The policy provides coverage for "accidental direct physical loss" to the property. The policy provides, however, that a loss will not be covered if it was procured by the intentional act of the insured for the purpose of obtaining insurance proceeds. In such circumstances, under the terms of the policy, the loss is not covered as to any insured. Specifically, the policy provides in part:

> Intentional Acts. If you or any person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you or any other insured for this loss.

The policy also provides in part:

> Concealment or Fraud. This policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss.

On or about March 28, 1991, Stephen Walker intentionally set fire to the property.

Walker was convicted of arson and is serving a prison term.

At some point, LaPerre made a claim for insurance coverage for the fire loss on a separate policy he had purchased from All-state Insurance Company to protect his vendor's interest in the contract for deed on the property. Allstate has made payment under that policy and Allstate is not involved in this litigation.

On August 2, 1991, Walker conveyed a quitclaim deed on the property to appellant Bryan Reitzner. Walker also assigned any insurance proceeds due him under the State Farm policy to appellant. By an instrument entitled "Amendment to Contract for Deed," LaPerre also assigned his "insurance rights in regard to the fire loss" of the property to appellant.

State Farm informed appellant that he (as the assignee of the interest of LaPerre, an "additional insured,") does not qualify for coverage under the policy because the loss was caused by the intentional acts of the insured, Walker. State Farm also informed appellant that neither he nor LaPerre qualify for rights as a "mortgagee" under the policy, because neither holds a mortgage on the property.

Appellant maintains he is entitled to collect under the State Farm policy based on its terms. In the alternative, appellant asserts he is entitled to indemnification from State Farm and its agents because he claims State Farm fraudulently misled policy holders as to coverage; misrepresented the policy; and negligently failed to provide the insurance coverage contemplated by the Standard Minnesota Uniform Conveyancing Documents.

The trial court concluded: the terms of the State Farm policy are plain and unambiguous; under the terms of the policy, if any insured intentionally causes a loss to the insured property for the purpose of obtaining insurance benefits, there is no coverage for that insured or any other insured; because Walker, one of the insureds under the State Farm policy, intentionally set fire to the property for the purpose of obtaining insurance proceeds, there is no coverage for any insured, including LaPerre. The trial court also concluded there was no basis in law or fact for appellant's claims of negligence, fraud, misrepresentation, and reformation. The trial court granted summary judgment in favor of respondent.

## ISSUES

1. Does the policy afford coverage for appellant as assignee of the insurance proceeds of an "additional insured" under the policy, where the fire loss was caused by the intentional act of arson committed by the insured?

2. Does the policy afford coverage for appellant, as the assignee of the vendor's interest in the contract for deed?

3. Is there a basis for appellant's claims of negligence, fraud, misrepresentation, and reformation?

4. Does appellant have standing to commence an action against State Farm?

## ANALYSIS

*Standard of review*

When reviewing summary judgment, this court must determine (1) whether any genuine issues of material fact exist and (2) whether the trial court erred in its application of the law. *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988). The evidence must be viewed in the light most favorable to the nonmoving party, in this case, appellant. *See id.*

### I.

*Innocent Insureds*

Generally, the interpretation of the language of an insurance contract is a question of law. *Associated Indep. Dealers v. Mutual Serv. Ins. Cos., Inc.,* 304 Minn. 179, 183, 229 N.W.2d 516, 519 (1975); *Columbia Heights Motors, Inc. v. Allstate Ins. Co.,* 275 N.W.2d 32, 34 (Minn.1979). In the absence of ambiguity, the terms contained in an insurance contract are to be understood in their plain, ordinary, and popular meaning. *Bobich v. Oja,* 258 Minn. 287, 294, 104 N.W.2d 19, 24 (1960). Any ambiguity is to

be construed in favor of the insured. *Caspersen v. Webber*, 298 Minn. 93, 98, 213 N.W.2d 327, 330 (1973). An ambiguity exists when the policy language is susceptible to more than one reasonable meaning. *Columbia Heights*, 275 N.W.2d at 34.

■ It is undisputed that the property loss in this case was caused by an intentional act of arson by Walker, holder of the vendee's interest in the contract for deed. The plain language of the policy precludes coverage for all insureds where any one insured intentionally causes a loss to the property:

> Intentional Acts. If you, [the named insured, Walker], or any person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you or any other insured for this loss.

The policy language is unambiguous—if any one insured intentionally causes a fire, there is no coverage for that insured "or any other insured." Under the policy, because LaPerre was named as an "additional insured" on the policy, he is an insured. LaPerre is precluded from coverage. Appellant, as assignee of LaPerre's interest in the insurance rights, therefore, is also precluded from coverage.

■ Appellant asserts there is a modern trend in the law to allow insurance coverage for any "innocent insureds" where a loss is caused by the wrongful acts of other insureds. This is generally true, but, *only where the terms of the insurance policy do not forbid coverage for innocent insureds. See Hogs Unlimited v. Farm Bureau Mut. Ins. Co.*, 401 N.W.2d 381, 386 (Minn.1987) ("unless forbidden by the insurance contract," innocent insured partners could recover their proportionate interest in property despite a partner's intentional destruction of the property); *see also Amick v. State Farm Fire & Casualty Co.*, 862 F.2d 704, 706 (8th Cir.1988) ("The key factor is whether the

policy provision barring recovery by innocent co-insureds is clear and unambiguous;" court upholds policy language that bars "you and any other insured" from recovery).

Here, the terms of the policy plainly exclude coverage for all insureds if any one of the insureds intentionally causes the loss. The terms of the policy may be old-fashioned, but it is the policy. LaPerre was named as an "additional insured." Under the terms of the contract an "additional insured" is an insured. Thus, LaPerre, as an "additional insured" under the contract (as well as appellant, as the assignee of LaPerre), is precluded from coverage for the loss caused by Walker's arson.

## II.

### *Contract for Deed Vendors*

■ By law, all fire insurance policies must contain a provision stating that a mortgagee's rights to insurance proceeds will not be affected by the intentional acts of the insured. *See* Minn.Stat. 65A.01, subd. 3 (1990).[1] The policy at issue contains the standard statutory mortgagee clause. However, this does not solve our problem, as technically there is no mortgage involved here, but rather a balance due on a contract for deed. As a legal document, a contract for deed has some of the indicia of a real estate mortgage, but, although close, it is not a real estate mortgage.

Appellant argues contract for deed vendors should be treated as mortgagees. He points out that both contract for deed and mortgages are forms of financing, and in both cases, the mortgagee and the contract for deed vendor have a type of interest in the collateral. However, it is clear Minnesota still makes a distinction between a contract for deed vendor and a mortgagee on a land transaction. The contract for deed vendor is not a mortgagee for the purpose of fire insurance. *Langhorne v. Capital Fire Ins. Co.*, 44 F.Supp. 739, 741 (D.Minn.1942) (vendor on a

---

1. Specifically, all insurance policies must contain the following language:

   Notwithstanding any other provisions of this policy, if this policy shall be made payable to a mortgagee of the covered real estate, no act or

default of any person other than such mortgagee * * * shall render this policy void as to such mortgagee nor ,affect such mortgagee's right to recover in case of loss on such real estate * * *.

Minn.Stat. § 65A.01, subd. 3.

contract for deed was not a "mortgagee" within the mortgage clause of an insurance policy and therefore, was subject to the insurer's arson defense). In *Langhorne,* the court noted some of the differences between a vendor in a contract for deed and a mortgagee:

> The [contract for deed] vendor is a fee-owner of the property and holds the legal title. The mortgagee merely holds a lien on the property which does not vest him with any estate or interest in the land. It is well known that generally a vendor in a contract for deed makes provision for his own insurance, so that he is the insured and not the vendee. Certainly, *if the Legislature intended to include vendors in the union mortgage clause, it would have been a simple matter to have specifically used the term "vendor or mortgagee."*

*Id.* at 740. There is no real distinction between *Langhorne* and this case.

We appreciate appellant's argument and note that a contract for deed vendor stands in a somewhat similar position as a mortgagee. However, Minn.Stat. § 65A.01, subd. 3 is plain and unambiguous and refers only to the rights of mortgagees. The statute does not address the interests of a contract for deed vendor. If the legislature intended to include contract for deed vendors in the statute it could have done so. It did not. We defer to the legislature. We cannot add words to this law.

### III.

*Negligence, Fraud, Misrepresentation and Reformation*

Appellant argues insurance agent Horgan and State Farm breached a duty to Walker and LaPerre by failing to issue a policy which afforded the contract for deed vendee all the rights and privileges that are customarily provided a mortgagee.

Insurance agents have a legal duty to exercise the skill and care which a "reasonably prudent person engaged in the insurance business [would] use under similar circumstances." *Johnson v. Farmers & Merchants State Bank,* 320 N.W.2d 892, 898 (Minn.1982). But in the absence of "special circumstances," such as a "special relationship" between the agent and the insured, an insurance agent's duty is ordinarily limited to the duty to act in good faith and follow instructions. *Gabrielson v. Warnemunde,* 443 N.W.2d 540, 543 (Minn.1989); *Johnson v. Urie,* 405 N.W.2d 887, 889–91 (Minn.1987).

Appellant has submitted no evidence that Horgan breached his duty to follow instructions. Appellant asserts Horgan should have secured insurance coverage consistent with the provisions of paragraph seven of the contract for deed. However, the affidavits of Horgan and Gutoski, the office manager, state that appellant did not request such coverage. There is no evidence to the contrary.

Appellant also argues that Horgan "should have known" that Walker needed coverage consistent with the contract for deed provision. There was no evidence of a special relationship or special circumstances in this case. LaPerre merely telephoned Horgan's office and requested a quote on a homeowner's policy.

Appellant submitted affidavits of three experts. Two of the affidavits are from lawyers and one is from a risk management consultant. The affiants assert that Horgan should have known of the provisions of the contract for deed and should have obtained coverage consistent with the terms of the contract for deed. The existence of the agent's legal duty presents a question of law. *Johnson,* 405 N.W.2d at 891, n. 5. The testimony of experts as to the exercise of the necessary skill and care of an agent is important in establishing a standard of care but does not, in and of itself, establish a legal duty to provide that care for the benefit of the insured. *Gabrielson,* 443 N.W.2d at 545. The expert testimony would be more relevant if there were a legal duty. We conclude that because there was no special relationship or special circumstances, Horgan had no legal duty other than to follow directions. There is no evidence Horgan failed to follow directions.

Appellant argues that because Marth, and then LaPerre and Reitzner, as

Marth's assignees, expected coverage pursuant to paragraph seven of the contract for deed, the policy should be reformed. Reformation is only available where, among other things, there was a valid agreement between the parties expressing their real intentions. *Nichols v. Shelard Nat'l Bank*, 294 N.W.2d 730, 734 (Minn.1980). There is no evidence there was an agreement between State Farm and Walker or between State Farm and LaPerre (and appellant) that State Farm would treat the contact for deed vendor as a mortgagee in case of an intentional loss. State Farm did not agree to provide coverage in favor of the contract for deed vendor for a loss resulting from an intentional act of one of the insureds.

Appellant also argues that respondents fraudulently misrepresented the policy of insurance it provides for contract for deed vendors. Appellant's misrepresentation claim is based on his assertion that State Farm does not charge a different premium for insurance for a mortgagee than it does for insurance for a contract for deed vendor. We find no merit to appellant's claim of fraud.

Based upon appellant's assertions of fraud, he also seeks class certification for a class action lawsuit for a return of premiums paid by others similarly situated to appellant. Because we find no merit to appellant's claims of negligence, misrepresentation, fraud, and reformation, we need not address this issue.

## IV.

### *Standing*

The policy issued by State Farm to Walker states "[a]ssignment of this policy shall not be valid unless [State Farm gives its] written consent." No written consent was sought or obtained from State Farm. Thus, respondents argue, the assignments of the insurance policy to appellant from Walker and LaPerre violate the terms of the policy and are void, and therefore, appellant has no standing to bring this suit. We disagree. Although we find for respondents on the legal issues, appellant has standing to be here.

LaPerre assigned to appellant the vendor's "insurance rights" in regard to the fire loss. Appellant did not receive a pure assignment of the policy, but rather, received an assignment of the proceeds due under the policy should the claim be successful. An assignment of insurance monies due on a successful claim does not require the insurance company's written consent. An insurance company has a right to put in its policy a provision that the policy cannot be assigned without its consent, but an insured can put in a claim under a policy and promise the claimed proceeds to another without first checking with the company. *See Liberty Mut. Ins. Co. v. American Family Mut. Ins. Co.*, 463 N.W.2d 750, 755 (Minn.1990) (an assignment of an insured's interest in an existing claim for benefits pursuant to a contract of insurance is not an assignment prohibited by law).

## DECISION

The trial court properly granted summary judgment in favor of respondent. The policy excluded innocent insureds. Appellant is the assignee of a vendor on a contract for deed, and is not entitled to the statutory rights of lenders holding mortgages on real estate.

Summary judgment was proper on appellant's claims of fraud and misrepresentation.

Appellant has standing to bring this suit. An insurance company can restrict the right to assign a policy of insurance, but cannot restrict an insured's rights to contract away the money due on a pending claim.

**Affirmed.**