**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Respondent,**

**v.**

**William STAEHELI, et al., Respondents,**

**Grace W. Lai, et al., Appellants.**

**William STAEHELI, et al., Respondents,**

**v.**

**Grace W. LAI, et al., Appellants.**

**No. C7–94–491.**

Court of Appeals of Minnesota.

Aug. 9, 1994.

---

Charles J. Noel, Jeffrey J. Lindquist, Pustorino, Pederson, Tilton & Parrington, Minneapolis, for respondent.

W. Patrick Judge, Mark G. Schroeder, Briggs and Morgan, St. Paul, for respondents.

Robert J. Foster, Rauenhorst & Carlson, Roseville, for appellants.

Considered and decided by AMUNDSON, P.J., and HUSPENI and KALITOWSKI, JJ.

## OPINION

HUSPENI, Judge.

Appellants Grace and Charles Lai challenge the district court's order requiring them to execute and deliver a warranty deed to respondents William Staeheli and David Stahley on property that was the subject of a contract for deed between the parties. Appellants also challenge the amount of insurance proceeds they received from respondent American Family Mutual Insurance Company under a policy in which Grace Lai, the contract vendor, was named as an additional insured. Because the terms of the contract for deed were satisfied while the contract was still in effect, and because appellant's proportionate interest as an additional insured is limited to the amount due on the contract for deed, we affirm.

## FACTS

On May 7, 1988, appellants Grace and Charles Lai contracted to sell respondents William Staeheli and David Stahley two pieces of property located at 1568 and 1576 Summit Avenue in St. Paul. The contract for deed required Staeheli and Stahley to make interest payments on the property for four years, after which a $210,000 balloon payment was due. Staeheli and Stahley were also required to insure the property against loss by fire. They obtained an insurance policy from respondent American Family Mutual Insurance Company (American Family) under which appellant Grace Lai was named as an additional insured.

As a result of their inability to obtain financing, Staeheli and Stahley defaulted on the balloon payment when it came due. On June 10, 1992, appellants served Staeheli and Stahley with a Notice of Cancellation of Contract for Deed. A fire destroyed 1568 Summit Avenue approximately two weeks later.

On August 4, 1992, Staeheli and Stahley commenced an action seeking to enjoin the cancellation of the contract for deed; the complaint alleged that they had filed a claim with their insurance company, and appellants were contractually obligated to accept insurance proceeds as payment due under the contract for deed. The district court in a temporary restraining order prevented appellants from moving forward with the cancellation proceedings. A second order was issued on September 2, 1992, temporarily enjoining the cancellation of the contract. Appellants did not appeal the district court's order enjoining the cancellation, and the injunction was never lifted or modified.

On January 26, 1993, American Family filed suit against appellant Grace Lai,

Staeheli, and Stahley for a declaratory judgment as to its liability under the insurance policy. American Family admitted liability to appellant to the extent of her proportionate interest in the contract for deed, but alleged that it owed nothing to Staeheli and Stahley because they had intentionally set the fire.[1] The district court consolidated American Family's declaratory judgment action with the lawsuit Staeheli and Stahley brought against appellants.

While the actions were pending, Staeheli and Stahley obtained a financing commitment which was sufficient to satisfy the terms of the contract for deed. They moved for summary judgment, requesting that appellants deliver a warranty deed to the property upon receipt of full payment of the outstanding balance. By order dated September 16, 1993, the district court granted the motion and ordered appellants to deliver the deed to Staeheli and Stahley. The district court also concluded that appellants' proportionate, insurable interest in 1568 Summit Avenue was limited to the amount due under the contract for deed, which it determined was $90,895.52.

## ISSUES

1. Did the district court err in ordering appellants to execute and deliver a warranty deed to the property?

2. Is a contract vendor's insurable interest under a fire insurance policy in which the contract vendor is named as an additional insured limited to the amount due under the contract for deed?

## ANALYSIS

■ On appeal from summary judgment, this court must decide whether genuine issues of material fact exist, and whether the district court correctly applied the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). The evidence must be viewed in the light most favorable to the nonmoving party. *Grondahl v. Bulluck*, 318 N.W.2d 240, 242 (Minn.1982).

1. William Staeheli was eventually charged with second degree arson. Following a trial, the jury

### I. Delivery of warranty deed

Appellants contend that the district court erred by ordering them to execute and deliver the warranty deed to Staeheli and Stahley because a genuine issue of material fact exists regarding the cause of the fire. We disagree.

■ The district court may exercise its authority to enjoin cancellation proceedings where a contract vendee pleads "any matter that would constitute a defense to an action to terminate the contract." Minn.Stat. § 559.211, subd. 1 (1992). If cancellation of a contract for deed is enjoined by the district court, the contract remains in force for 15 days after the injunction is dissolved. Minn. Stat. § 559.211, subd. 1. Because the injunction in this case was never terminated, the terms and conditions of the contract for deed remained in full force and effect, *see Boehm's Inc. v. Wachholz*, 495 N.W.2d 447, 450 (Minn. App.1993), and Staeheli and Stahley had a right to cure their default. *See* Minn.Stat. § 559.21, subd. 4(c) (1992) (setting forth criteria for reinstating the contract once cancellation proceedings have begun). They did so and, under the terms of the contract, were entitled to receive the warranty deed to the property.

Appellants argue that if Staeheli and Stahley intentionally started the fire they fraudulently obtained the injunction. Appellants claim that they did not appeal the injunction because they had not obtained sufficient evidence of respondents' involvement in the fire before the time for appeal had expired. We decline, however, to examine, through consideration of recently acquired evidence, whether the injunction was properly issued. Appellants admit that, on the basis of information available to the district court when it granted the injunction, issuance was proper. Furthermore, the injunction was in effect for over a year before Staeheli and Stahley finally obtained financing to satisfy the balloon payment. During that time, appellants obtained additional evidence to supplement their suspicions concerning the cause of the

acquitted him of all charges.

fire and could have moved the district court to modify or dissolve the injunction based on this new evidence. An order that refuses to dissolve an injunction is appealable. Minn. R.Civ.App.P. 103.03(b).

■ We recognize that contract vendors are generally entitled to the benefit of two options when a contract vendee defaults; they may either sue for the amount due under the contract or cancel the contract and repossess the property. *Wayzata Enters., Inc. v. Herman,* 268 Minn. 117, 119, 128 N.W.2d 156, 158 (1964). Contract vendors cannot take advantage of either option when an injunction has been granted and may eventually be deprived of one remedy where, as here, the default is cured while the injunction is in effect. Such a result cannot be avoided, however, where the obvious intent of section 559.211 (keeping a contract in force for 15 days after an injunction is dissolved) is to allow a contract vendee to cure a default. Because the injunction went unchallenged, appellants can be placed only in as favorable a position as that they would have occupied had Staeheli and Stahley not defaulted on the contract for deed. Therefore, appellants have the right to be paid for the property; they do not have the right to repossess the property itself.

Contrary to appellants' assertion, Staeheli and Stahley will not be unjustly enriched. American Family has already denied their insurance claim and if they indeed intentionally started the fire, American Family has a right of subrogation for the $90,895.52 it is required to pay appellant.

*II. Contract vendor's insurable interest*

Appellant contends that her insurable interest in the property is that of a contract vendor, not that of a mortgagee, and therefore she is entitled to the replacement value of the property. We disagree. Although appellant contracted with Staeheli and Stahley for nothing more than "the rights and privileges customarily afforded a mortgagee under the so-called standard mortgage clause," [2] the insurance policy here did not include language to that effect. Therefore, we must determine what a contract vendor's insurable interest is under a policy in which the contract vendor is named as an additional insured.

■ Minnesota still makes a distinction between a contract for deed vendor and a mortgagee. *See Reitzner v. State Farm Fire & Casualty Co.,* 510 N.W.2d 20, 24 (Minn. App.1993) (contract for deed vendor is not a mortgagee for the purpose of fire insurance). The distinction in *Reitzner,* however, was made for purposes of the protections provided by the standard mortgage clause, which this court interpreted to include only mortgagees. *Id.* at 25; *see also Langhorne v. Capital Fire Ins. Co. of California,* 44 F.Supp. 739, 741 (D.Minn.1942) (vendor on a contract for deed was not a "mortgagee" within the mortgage clause of an insurance policy and was therefore subject to the insurer's arson defense). The distinction is inconsequential here because we are not faced with the applicability of the standard mortgage clause. Regardless of whether appellant is considered a mortgagee or a contract vendor, her proportionate interest as an additional insured is limited to the amount due under the contract for deed. *See Hogs Unlimited v. Farm Bureau Mutual Ins. Co.,* 401 N.W.2d 381, 386 (Minn.1987) (innocent insureds may recover their proportionate interest under the insurance policy).

Appellant cites no authority, nor has this court discovered any, for the proposition that a contract vendor who does not have her own insurance policy is entitled to receive payments in excess of the balance on the contract for deed. Moreover, the insurance policy in this case alerted the insureds that they may have different insurable interests under the policy. It provided:

**Insurable Interest and Our Liability.** In the event of a loss, we will not pay for more than the insurable interest an insured has in the property, nor more than the amount of coverage afforded by this policy.

---

2. The interest of a mortgagee under the standard mortgage clause is limited to the unpaid balance on the mortgage. *Minnesota Federal Sav. &*

*Loan Ass'n v. Iowa Nat'l Mut. Ins. Co.,* 372 N.W.2d 763, 767 (Minn.App.1985), *pet. for rev. denied* (Minn. Nov. 1, 1985).

Because appellant was merely an additional insured under the policy, her proportionate interest is limited to the amount due under the contract for deed.

### DECISION

The district court did not err by ordering appellants to deliver the warranty deed to Staeheli and Stahley once they satisfied the terms of the contract for deed. Appellant's proportionate interest under the insurance policy is limited to the amount due under the contract for deed.

**Affirmed.**